No. 23-1374, No. 23-1880

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

BROOKE HENDERSON and JENNIFER LUMLEY,
*Plaintiffs-Appellants*,

v.

SCHOOL DISTRICT OF SPRINGFIELD R-12, BOARD OF EDUCATION FOR THE SCHOOL DISTRICT OF SPRINGFIELD R-12, DR. GRENITA LATHAN, DR. YVANIA GARCIA-PUSATERI, and LAWRENCE ANDERSON,
*Defendants-Appellees*.

_____

Appeal from the United States District Court for the
Western District of Missouri, Southern Division
The Honorable Douglas Harpool
Case No. 6:21-cv-03219-MDH

_____

# DEFENDANTS-APPELLEES' OPPOSITION TO
# "MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* HAMILTON LINCOLN LAW INSTITUTE IN SUPPORT OF PLAINTIFFS-APPELLANTS AND REVERSAL"

_____

Ransom A Ellis, III, Mo. Bar 29129
Tina G. Fowler, Mo. Bar 48522
ELLIS ELLIS HAMMONS & JOHNSON, P.C.
2808 S. Ingram Mill Road, Suite A-104
Springfield, Missouri 65804
rellis3@eehjfirm.com
tfowler@eehjfirm.com
Phone: (417) 866-5091
*Attorneys for Defendants-Appellees*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES…………..………………………...…ii

I. INTRODUCTION………………...……………….………1

II. APPLICABLE LAW…………….....……………….………1

III. ARGUMENT………………..……………………….3

    A. HLLI's brief is not helpful to this Court's determination…………...……………..………………3

    B. HLLI is not an amicus curiae………..…………………….…..6

    C. HLLI's brief will not facilitate the Court's consideration of the issues on appeal……..………...…………7

        1. The Parties are adequately represented…..………….8

        2. HLLI has shown no interest in another case that may be affected by this appeal…..…………...…8

        3. HLLI does not have unique information or a unique perspective………………...……………9

IV. CONCLUSION……………………...…………………10

# TABLE OF AUTHORITIES

**Cases**

*American Coll. of Obs. & Gyn. v. Thornburgh*, 699 F.2d 644 (3d Cir. 1983)…..….…7

*American Satellite Co. v. United States*, 22 Cl. Ct. 547 (1991)………...……………4

*Erwin v. C.I.R.,* T.C. Memo. 1986-474 (U.S. Tax Ct. 1986)…………...……………8

*Fluor Corp. v. United States*, 35 Fed. Cl. 284 (1996)……………….……………….7

*Georgia v. Ashcroft*, 195 F.Supp.2d 25 (D.D.C. 2002)…………….....………………7

*Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252 (11th Cir. 2004)……………9

*In re Halo Wireless, Inc.*, 684 F.3d 581 (5th Cir. 2012)……………….…………….8

*Muldrow v. City of St. Louis, Mo.*, 30 F.4th 680 (8th Cir. 2022)………….……….3

*Nat'l Org. for Women v. Scheidler*, 223 F.3d 615 (7th Cir. 2000)……..…...2, 6, 7, 10

*Northern Securities Co. v. United States*, 191 U.S. 555 (1903)…………..……….2, 7

*Rucker v. Great Scott Supermarkets*, 528 F.2d 393 (6th Cir. 1976)…………………7

*New England Patriots v. Univ. of Colorado*, 592 F.2d 1196 (1st Cir. 1979)……..…4

*Ryan v. Comm. Futures Trading Com'n*, 125 F.3d 1062 (7th Cir. 1997)…..5-7, 9, 10

*Sierra Club, Inc. v. E.P.A.*, 358 F.3d 516 (7th Cir. 2004)……………………………3

*Strasser v. Doorley*, 432 F.2d 567 (1st Cir. 1970)……………….....……………2, 4, 7

*United States v. Michigan*, 940 F.2d 143 (6th Cir. 1991)…………....…………..2, 6

*Vaughn v. Lawrenceburg Power Sys.*, 269 F.3d 703 (6th Cir. 1998)……………4, 9

*Voices for Choices v. Ill. Bell Telephone*, 339 F.3d 542 (7th. Cir. 2003)….……...7, 10

*Yip v. Pagano*, 606 F. Supp. 1566 (D.N.J. 1985)…………………………………….3

**Rules**

Federal Rules of Appellate Procedure 29(a)(2)………………………….…………1, 2

Federal Rules of Appellate Procedure 32...………………………………………….3

# I. INTRODUCTION

Plaintiffs-Appellants Brooke Henderson and Jennifer Lumley (hereinafter "Plaintiffs") are employees of the School District of Springfield R-12 (the "District"). Plaintiffs disagree with the principles of equity and anti-racism and filed suit against the District, its board, and several of its employees (hereinafter "Defendants") alleging that the 2020 employment-related, anti-racism training they received was unconstitutional in violation of their First Amendment rights. The district court granted Defendants' motion for summary judgment due to Plaintiffs' lack of standing as they suffered no adverse employment action. App. JA5306; R. Doc. 88. Further, recognizing that Plaintiffs dragged Defendants into a political dispute, rather than seeking a remedy for a genuine harm, in conjunction with its finding that extensive discovery revealed an obvious lack of injury-in-fact, the district court awarded Defendants their prevailing party attorney's fees and costs. App. JA5510; R. Doc. 107. Plaintiffs appealed. Hamilton Lincoln Law Institute ("HLLI") now seeks leave to file an amicus brief in support of Plaintiffs-Appellants.

# II. APPLICABLE LAW

The United States or a state may file an amicus brief without consent or leave of court, but all other amicus curiae may file a brief only by leave of court or if all parties have consented. FED.R.APP.P. 29(a)(2). Here, the first amicus curiae that sought consent to file a brief in support of Plaintiffs was Americans for Prosperity

1

Foundation and Defendants consented to that organization's request. But Americans for Prosperity Foundation then took advantage of Defendants' consent, for when it filed its amicus brief, it added an additional five special interest groups as amicus curiae for which Defendants did not consent, including, Alliance Defending Freedom, Foundation for Individual Rights and Expression, Defense of Freedom Institute for Policy Studies, Reason Foundation, and American Civil Liberties Union of Missouri. Since Defendants' initial sole consent, thirteen other special interest groups have sought leave to file a brief in support of Plaintiffs, including HLLI.

"Whether to permit a non-party [such as HLLI] to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace." *National Organization for Women v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000) (*citing* FED.R.APP.P. 29(a); *United States v. Michigan*, 940 F.2d 143 (6th Cir. 1991); and *Strasser v. Doorley*, 432 F.2d 567 (1st Cir. 1970)). This Court has discretion to allow the filing of amicus briefs when such filings are "justified by the circumstances." *Northern Securities Co. v. United States*, 191 U.S. 555, 556 (1903). However, leave to file briefs as amicus curiae may be denied where it does not appear that the applicant is interested in any other case which will be affected by the decision and where the parties are represented by competent counsel, whose consent has not been secured. *Id.* In addition, one wishing to submit an amicus brief must show that its participation is useful or desirable to the court and that it will aid the court in

determining relevant legal issues. *Yip v. Pagano*, 606 F. Supp. 1566 (D.N.J. 1985), *aff'd*, 782 F.2d 1033 (3rd Cir. 1986), *cert. denied*, 476 U.S. 1141 (1986).

In its brief, HLLI reiterates Plaintiffs' arguments under the guise of an impartial party. Its brief is a regurgitation of Plaintiffs' assertions cloaked in alleged public interest and alleged constitutional implications already made by Plaintiffs. It has not shown that its participation would be "helpful" or useful. *See Muldrow v. City of St. Louis, Mo.*, 30 F.4th 680, 692 n. 6 (8th Cir. 2022). HLLI is merely a special interest group with no connection to this appeal. *See Sierra Club, Inc. v. E.P.A.*, 358 F.3d 516, 518 (7th Cir. 2004) ("Courts value submissions not to see how the interest groups line up, but to learn about facts and legal perspectives that the litigants have not adequately developed."). Allowing filing of its amicus brief would constitute an unwarranted opportunity for Plaintiffs-Appellants to extend their arguments beyond the limitations placed on them by the rules of this Court. *See* FED.R.APP.P. 32. HLLI's motion for leave to file an amicus brief should be denied.

### III. ARGUMENT

#### A. HLLI's brief is not helpful to this Court's determination.

HLLI's brief mischaracterizes facts or encourages disregard of relevant ones. It claims its brief is necessary because the district court allegedly faulted Plaintiffs for failing to argue that the District implemented a formal rule or policy compelling speech. HLLI asserts a rule or policy is not necessary to a compelled speech claim.

3

HLLI's choice to focus on what it claims was the requirement of a formal policy by the district court misconstrues the facts behind its order. The district court never required such.[1] Rather, it found no facts suggesting that Defendants made Plaintiffs speak favorably about anti-racism, nor did any facts remotely suggest that Plaintiffs were injured. Plaintiffs, as employees, only needed to attend the training. During training, they openly spoke, making it clear they objected to equity and anti-racism. They were not required to express views at odds with their personal ones. And, regardless of their views, no action was taken against them. Hence, why, "an amicus who argues facts should rarely be welcomed." *Strasser*, *supra*, 432 F.2d at 569.

HLLI also explicates its own views. It claims it is a public interest organization dedicated to protecting free markets, free speech, limited government, and separation of powers against regulatory abuse and rent-seeking. It purports to have expertise with First Amendment litigation and free speech claims and challenges the district court's order awarding Defendants their attorney's fees and costs due to what it claims were the "political undertones" of Plaintiffs' allegations. But "courts frown[] on participation which simply allows the amicus to litigate its own views." *American Satellite Co. v. United States*, 22 Cl. Ct. 547, 549 (1991) (*citing New England Patriots v. Univ. of Colorado*, 592 F.2d 1196, 1198 n. 3 (1st

---

[1] HLLI appears to recognize this when it cites *Vaughn v. Lawrenceburg Power Sys.*, 269 F.3d 703 (6th Cir. 1998) for the proposition that compulsion may originate from a government decisionmaker's direction alone. *See* note 2, *infra*.

4

Cir. 1979)). This is because the Court is "not helped by an amicus curiae's expression of a 'strongly held view' about the weight of the evidence…[The Court is helped] by being pointed to considerations germane to [its] decision of the appeal that the parties…have not brought to [the Court's] attention." *Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062, 1064 (7th Cir. 1997) (citation omitted). HLLI brings nothing germane. It only wants to insert its own political views or agenda. It wholly disregards Plaintiffs' lack of injury, a threshold requirement that allows courts to avoid becoming involved in politicized controversies, a requirement aptly noted here by the district court. *See* App. JA5309; R. Doc. 88, p. 4.

In short, there is no doubt that HLLI, as a public interest group dedicated to free speech and limited government, would, in the employment context of an urban public school district and its lawful and required anti-racism training, be opposed to the district court's order awarding attorney's fees to Defendants. HLLI conveniently ignores well-settled precedent that a plaintiff, who brings a frivolous § 1983 lawsuit, may well be required to pay a defendant's attorney's fees. And this is particularly true in cases where plaintiffs aggressively pursue their case at the summary judgment stage, even after the facts confirm the frivolity of their claims due to lack of injury. HLLI's choice to ignore that fact, along with the lack of any undesirable consequences towards Plaintiffs arising from their expression of their views against anti-racism during the training, makes its brief not useful or remotely helpful.

## B. HLLI is not an amicus curiae.

The partisan aspect of HLLI's brief alone provides sufficient basis for its rejection. "The orthodox view of amicus curiae was, and is, that of an *impartial* friend of the court—*not an adversary party in interest in the litigation*." *Michigan*, *supra*, 940 F.2d at 165 (citation omitted) (emphasis in original). "[P]articipation…to brief…as a friend of the court was, and continues to be, a privilege within 'the sound discretion of the courts'." *Id.* (citations omitted). HLLI readily admits that it is dedicated to Plaintiffs' cause. Yet, only now, on appeal, does it purport to take an interest in Plaintiffs' litigation. This is because its brief only serves to impermissibly inject, without a complete understanding of the underlying facts, interest-group politics into the federal appellate process. *Nat'l Org. for Women*, *supra*, 223 F.3d at 617. It is well understood that amicus briefs are typically "sponsored or encouraged by one or more of the parties in the cases in which they are sought to be filed, [and] may be intended to circumvent the page limitations on the parties' briefs, to the prejudice of any party who does not have an amicus ally." *Id.*

And so, a purported amicus, such as HLLI, which is engaged in an adversarial role, or is an ally of one of the litigants, should not be allowed to appear. *Ryan*, *supra*, 125 F.3d at 1063. Given that HLLI is a partisan, an ally, and an advocate for Plaintiffs, its motion to appear must be closely scrutinized. HLLI's appearance serves no purpose other than to lobby this Court in Plaintiffs' favor. The fact that

"organizations [such as HLLI] support or oppose an appeal is a datum that is irrelevant to judicial decision making." *Voices for Choices v. Ill. Bell Telephone Co.*, 339 F.3d 542, 545 (7th. Cir. 2003). The "power of constituents and interest groups" such as HLLI are improper in this judicial forum and should not be allowed. *Id.*

### C. HLLI's brief will not facilitate the Court's consideration of the issues on appeal.

Leave to file an amicus brief should only be granted if the brief assists the Court by presenting ideas, arguments, theories, insights, facts, or data that are not found in the parties' briefs. *Voices for Choices*, *supra*, 339 F.3d at 545. This criterion is more likely satisfied if the party on whose behalf the brief is filed is not adequately or competently represented, the amicus has a direct interest in another case that may be materially affected by the appellate decision, or the amicus has a "unique perspective or specific information" that can assist the court beyond what the parties can provide. *Id.* (*citing Nat'l Org. for Women*, *supra*, 223 F.3d at 616-17; *Ryan*, *supra*, 125 F.3d at 1063; and *Georgia v. Ashcroft*, 195 F.Supp.2d 25, 32 (D.D.C. 2002)). Otherwise, leave to file an amicus brief should be denied by the Court. *See*, *e.g.*, *Northern Securities*, *supra*, 191 U.S. at 556; *American College of Obstetricians & Gynecologists v. Thornburgh*, 699 F.2d 644 (3d Cir. 1983); *Rucker v. Great Scott Supermarkets*, 528 F.2d 393 (6th Cir. 1976); *Strasser*, *supra*, 432 F.2d at 569; and *Fluor Corp. v. United States*, 35 Fed. Cl. 284 (1996).

### 1. The Parties are adequately represented.

Plaintiffs are adequately represented by Southeastern Legal Foundation. Amicus curiae are to be admitted to assist the Court in cases in which the parties' counsel is inadequate or incompetent. *See*, *e.g.*, *In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (denying amicus curiae's request as there was no evidence, *inter alia*, appellees were poorly represented). There is not, nor can there be, any valid contention that Plaintiffs' counsel is not "competent" for purposes of presenting issues and arguments and representing Plaintiffs' interests in this appeal. *See*, *e.g.*, *Erwin v. C.I.R.*, T.C. Memo. 1986-474 (U.S. Tax Ct. 1986) (denying leave where there was no "credible argument…that the briefs to be filed by the parties…w[ould] not fully and completely address all aspects" of the case).

### 2. HLLI has shown no interest in another case that may be affected by this appeal.

HLLI has not shown that it has a direct interest in another case that may be materially affected by this Court's decision. Nor has HLLI shown that it has any interest or understanding of the workings, operations, or administration of a large urban public school district or the premises behind employment-related training, particularly in the context of addressing discrimination. Accordingly, it has no interest, other than an improper political interest, that may be affected by this appeal.

### 3. HLLI does not have unique information or a unique perspective.

HLLI's brief generally expounds its interpretations of multiple cases already extensively briefed before the district court. It also offers no unique or specialized information. Thus, contrary to the role of an amicus curiae, HLLI merely reiterates Plaintiffs' arguments, interjects irrelevant factual minutia of other inapposite cases into this litigation,[2] and emphasizes its own "strongly held view about the weight of evidence." *See* Section III.A, *supra*. As in the case of *Ryan*, where the court rejected an adversarial brief masked as an "amici" filing, HLLI restates arguments asserted by Plaintiffs before the district court and in Plaintiff-Appellants' Brief and convolutes case holdings. *Ryan*, *supra*¸ 125 F.3d at 1064.

HLLI's brief does not state anything that Plaintiffs have not already relayed. Its brief, which disregards Plaintiffs' lack of standing and attempts to reargue, albeit incompletely, the merits of the action, will not aid the Court. "In an era of heavy judicial caseloads…and expense of litigation…judges should be assiduous to bar the gates to amicus curiae briefs that fail to present convincing reasons why the parties'

---

[2] On pages 6-9 of its brief, HLLI cites several cases that it claims illustrate its point that no official policy or rule is necessary to state a First Amendment claim. None provide a unique prospective and all stand in direct contrast to the facts at hand. *See*, *e.g.*, *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252 (11th Cir. 2004) (student *sent to principal* after raising fist and remaining silent during pledge of allegiance) (emphasis added); and *Vaughn v. Lawrenceburg Power Sys.*, 269 F.3d 703 (6th Cir. 1998) (employee *terminated* for not fully agreeing with employer's anti-nepotism policy) (emphasis added).

9

briefs do not give…all the help…needed for deciding the appeal." *Ryan*, *supra*, 125 F.3d at 1064. HLLI's adversarial brief does not contain the type of unique or specialized knowledge required of an amicus. Rather, allowing its proposed brief will serve only to multiply Plaintiffs-Appellants' briefs, unfairly increase their page limitation, and impose an undue burden on the Court and Defendants. *See*, *e.g.*, *Nat'l Org for Women*, *supra*, 223 F.3d at 617 (amicus briefs can be a "real burden on the court systems", imposing a "burden of study and the preparation of a possible response on the parties"); and *Voices for Choices*, *supra*, 339 F.3d at 545 (denying leave to amicus curiae as briefs contained few additional citations not found in parties' briefs and slightly more analysis on some points).

### IV. CONCLUSION

WHEREFORE, Defendants-Appellees respectfully request that Hamilton Lincoln Law Institute's motion for leave to file an amicus brief in support of Plaintiffs-Appellants be denied, that the Court award Defendants-Appellees their attorney's fees and costs incurred, and for such other relief as the Court deems just.

Respectfully submitted,

ELLIS ELLIS HAMMONS & JOHNSON, P.C.

By*:*   */s/ Ransom A Ellis*
    Ransom A Ellis, III, Mo. Bar 29129
    Tina G. Fowler, Mo. Bar 48522
    2808 S. Ingram Mill Road, Suite A104
    Springfield, MO  65804
    *Attorneys for Defendants-Appellees*

10

# Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

    __X__ this document contains 3,160 words, **or**

    _____ this brief uses a monospaced typeface and contains [state the number of] lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

    __X__ this document has been prepared in a proportionally spaced typeface using Word for Windows in 14-point font and Times New Roman type style, **or**

    _____ this document has been prepared in a monospaced typeface using [state name and version of word-processing program] with [state number of characters per inch and name of type style].

(s) *Tina G. Fowler*

Attorney for  Defendants-Appellees

Dated:  May 25, 2023

## CERTIFICATE OF SERVICE

      I hereby certify that on this 26th day of May, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and a copy was made available to all electronic filing participants.

                            */s/ Tina G. Fowler*
                             Attorney of Record