# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

BROOKE HENDERSON and JENNIFER LUMLEY,

*Plaintiffs-Appellants*,

v.

SCHOOL DISTRICT OF SPRINGFIELD R-12,BOARD OF EDUCATION
FOR THE SCHOOL DISTRICT OF SPRINGFIELD R-12,
DR. GRENITA LATHAN, DR. YVANIA GARCIA-PUSATERI, and
LAWRENCE ANDERSON,

*Defendants-Appellees*.

---

Appeal from the United States District Court for the
Western District of Missouri, Southern Division
The Honorable Douglas Harpool
Case No. 6:21-cv-03219-MDH

---

## DEFENDANTS-APPELLEES' OPPOSITION TO
## "MOTION BY INSTITUTE FOR FREE SPEECH AND MANHATTAN
## INSTITUTE FOR LEAVE TO FILE AN AMICI CURIAE BRIEF IN
## SUPPORT OF APPELLANTS AND REVERSAL"

---

Ransom A Ellis, III, Mo. Bar 29129
Tina G. Fowler, Mo. Bar 48522
ELLIS ELLIS HAMMONS & JOHNSON, P.C.
2808 S. Ingram Mill Road, Suite A-104
Springfield, Missouri 65804
rellis3@eehjfirm.com
tfowler@eehjfirm.com
Phone: (417) 866-5091
*Attorneys for Defendants-Appellees*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………..…………………………..…ii

I.  INTRODUCTION…………………...……………………1

II.  APPLICABLE LAW…………………...……………………1

III.  ARGUMENT…………………………..……………………………..3

    A.  IFS-MI's brief is not helpful to this Court's determination……………..……………..……………………3

    B.  IFS-MI is not an amicus curiae………..……………………..6

    C.  IFS-MI's brief will not facilitate the Court's consideration of the issues on appeal…….………..…………7

        1.  The Parties are adequately represented…..………….8

        2.  IFS-MI has shown no interest in another case that may be affected by this appeal…..……………..…8

        3.  IFS-MI does not have unique information or a unique perspective………………..……………9

IV.  CONCLUSION……………………………...……………………10

Appellate Case: 23-1880    Page: 2    Date Filed: 05/30/2023 Entry ID: 5281702

# TABLE OF AUTHORITIES

## Cases

*American Coll. of Obs. & Gyn. v. Thornburgh*, 699 F.2d 644 (3d Cir. 1983)…..……7

*American Satellite Co. v. United States*, 22 Cl. Ct. 547 (1991)………...……………4

*Axson-Flynn v. Johnson*, 356 F.3d 1277 (10th Cir. 2004)……………………….…...9

*Erwin v. C.I.R.,* T.C. Memo. 1986-474 (U.S. Tax Ct. 1986)…………...…………….8

*Fluor Corp. v. United States*, 35 Fed. Cl. 284 (1996)……………….….……………7

*Georgia v. Ashcroft*, 195 F.Supp.2d 25 (D.D.C. 2002)……………...….…………..7

*In re Halo Wireless, Inc.*, 684 F.3d 581 (5th Cir. 2012)……………….….…………8

*Muldrow v. City of St. Louis, Mo.*, 30 F.4th 680 (8th Cir. 2022)………….……….3

*Nat'l Org. for Women v. Scheidler*, 223 F.3d 615 (7th Cir. 2000)………...…2, 6, 7, 10

*Northern Securities Co. v. United States*, 191 U.S. 555 (1903)…………..………2, 7

*Rucker v. Great Scott Supermarkets*, 528 F.2d 393 (6th Cir. 1976)…………………7

*New England Patriots v. Univ. of Colorado*, 592 F.2d 1196 (1st Cir. 1979)……...…4

*Ryan v. Comm. Futures Trading Com'n*, 125 F.3d 1062 (7th Cir. 1997)…..5-7, 9, 10

*Sierra Club, Inc. v. E.P.A.*, 358 F.3d 516 (7th Cir. 2004)……………………………3

*Speech First, Inc. v. Schlissel*, 939 F.3d 756 (6th Cir. 2019)………………………..9

*Strasser v. Doorley*, 432 F.2d 567 (1st Cir. 1970)……………….…………2, 5, 7

*Telescope Media Grp. V. Lucero,* 936 F.3d 740 (8th Cir. 2019)……………………9

*United States v. Michigan*, 940 F.2d 143 (6th Cir. 1991)…………..…………2, 6

*Voices for Choices v. Ill. Bell Telephone*, 339 F.3d 542 (7th. Cir. 2003)….…...7, 10

*Yip v. Pagano*, 606 F. Supp. 1566 (D.N.J. 1985)…………………….……………2

## Rules

Federal Rules of Appellate Procedure 29(a)(2)……………………….……1, 2

Federal Rules of Appellate Procedure 32..………………………………………3

Appellate Case: 23-1880    Page: 3    Date Filed: 05/30/2023 Entry ID: 5281702

# I.  INTRODUCTION

Plaintiffs-Appellants Brooke Henderson and Jennifer Lumley (hereinafter "Plaintiffs") are employees of the School District of Springfield R-12 (the "District"). Plaintiffs disagree with the principles of equity and anti-racism and filed suit against the District, its board, and several of its employees (hereinafter "Defendants") alleging that the 2020 employment-related, anti-racism training they received was unconstitutional in violation of their First Amendment rights. The district court granted Defendants' motion for summary judgment due to Plaintiffs' lack of standing as they suffered no adverse employment action. App. JA5306; R. Doc. 88. Further, recognizing that Plaintiffs dragged Defendants into a political dispute, rather than seeking a remedy for a genuine harm, in conjunction with its finding that extensive discovery revealed an obvious lack of injury-in-fact, the district court awarded Defendants their prevailing party attorney's fees and costs. App. JA5510; R. Doc. 107. Plaintiffs appealed. Institute for Free Speech (IFS) and Manhattan Institute (MI) (collectively "IFS-MI") seek leave to file an amicus brief in support of Plaintiffs-Appellants.

# II.  APPLICABLE LAW

The United States or a state may file an amicus brief without consent or leave of court, but all other amicus curiae may file a brief only by leave of court or if all parties have consented. FED.R.APP.P. 29(a)(2). Defendants do not consent to the

1

request by IFS-MI.[1] Thus, "[w]hether to permit a non-party [such as IFS-MI] to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace." *National Organization for Women v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000) (*citing* FED.R.APP.P. 29(a); *United States v. Michigan*, 940 F.2d 143 (6th Cir. 1991); and *Strasser v. Doorley*, 432 F.2d 567 (1st Cir. 1970)). This Court has discretion to allow the filing of amicus briefs when such filings are "justified by the circumstances." *Northern Securities Co. v. United States*, 191 U.S. 555, 556 (1903). However, leave to file briefs as amicus curiae may be denied where it does not appear that the applicant is interested in any other case which will be affected by the decision and where the parties are represented by competent counsel, whose consent has not been secured. *Id.* In addition, one wishing to submit an amicus brief must show that its participation is useful or desirable to the court and that it will aid the court in determining relevant legal issues. *Yip v. Pagano*, 606 F. Supp. 1566 (D.N.J. 1985), *aff'd*, 782 F.2d 1033 (3rd Cir. 1986), *cert. denied*, 476 U.S. 1141 (1986).

In its brief, IFS-MI restates Plaintiffs' arguments under the guise of an impartial party. Its brief is a regurgitation of Plaintiffs' assertions cloaked in claimed public interest and alleged constitutional implications. But, what is most troubling

---

[1] The first amicus curiae that sought consent to file a brief for Plaintiffs was Americans for Prosperity Foundation ("APF") (*see* Doc. No. 5281338, pp. 1-2). Out of courtesy, Defendants consented to APF's request. But APF took advantage of Defendants' consent, and added an additional five special interest groups as amici curiae for which Defendants did not consent.

about IFS-MI's brief is its statements of disrespect towards the district court judge when it jumps on Plaintiffs' bandwagon asking for his recusal. But, even without that obvious disrespect, it has not shown that its participation would be "helpful" or useful. *See Muldrow v. City of St. Louis, Mo.*, 30 F.4th 680, 692 n. 6 (8th Cir. 2022). At bottom, IFS-MI is merely a special interest group with no connection to this appeal. *See Sierra Club, Inc. v. E.P.A.*, 358 F.3d 516, 518 (7th Cir. 2004) ("Courts value submissions not to see how the interest groups line up, but to learn about facts and legal perspectives that the litigants have not adequately developed."). Allowing filing of its amicus brief would permit Plaintiffs to extend their arguments beyond the limitations placed on them by the rules of this Court. *See* FED.R.APP.P. 32. The motion for leave by IFS-MI to file its amicus brief should be denied.

### III.   ARGUMENT

### A.   IFS-MI's brief is not helpful to this Court's determination.

IFS-MI spends much time debating what it claims is an ideology by Defendants that extols unlawful racial discrimination. Quoting alleged racial scholars and racial-theorists, it purports to use its brief to challenge an ideological movement that it claims has sought to reintroduce race-based decision-making into government, schooling and employment. IFS-MI's political and philosophical arguments, which accuse Defendants of advocating for race-centric societal change, are not at all helpful. Its brief is devoid of any accurate understanding or analysis of

3

the facts supporting the district court's opinion. Even if Plaintiffs agree with the theory of racism espoused by IFS-MI, no facts before the district court suggested that Defendants made Plaintiffs speak favorably about any race-based theory that Plaintiffs may have disagreed with. As employees, Plaintiffs only needed to attend training that was designed to increase awareness and sensitivity as to race issues faced by minority and underrepresented students. App. JA5327; R. Doc. 88, at 22. And during the training, Plaintiffs freely spoke, making it clear that they objected to the concepts of equity and anti-racism as presented by the District. Plaintiffs were never forced to express views at odds with their personal ones. And, moreover, no action was taken against them nor were they threatened with punishment. In fact, Plaintiffs are still employed by the District. Hence, this is why "courts frown[] on [amicus] participation which simply allows the amicus to litigate its own views." *American Satellite Co. v. United States*, 22 Cl. Ct. 547, 549 (1991) (*citing New England Patriots v. Univ. of Colorado*, 592 F.2d 1196, 1198 n. 3 (1st Cir. 1979)).

The desire by IFS-MI to litigate its own views is not surprising given its purpose. IFS is a nonpartisan, nonprofit group dedicated to the claimed protection of First Amendment rights. Resisting what IFS claims to be compelled speech is a core aspect of its mission. Similarly, MI is a nonprofit public policy research foundation whose mission is to develop and disseminate ideas that oppose government overreach. IFS-MI argues the district court "bent over backwards to

4

find…the…district's conduct was completely lawful and imposed a crippling reverse-fee shift under…§ 1988." Nothing in the record suggests that the District's conduct was not lawful—in fact, equity/diversity training is required by law. This argument by IFS-MI is too devoid of accurate facts. "[A]n amicus who argues facts should rarely be welcomed." *Strasser*, *supra*, 432 F.2d at 569. Further, well-settled precedent establishes that a plaintiff, who brings a frivolous § 1983 lawsuit, may well be required to pay a defendant's attorney's fees. App. JA5345-5349; R. Doc. 98, at 10-16. Such is particularly true when, as here, Plaintiffs aggressively pursued their case at the summary judgment stage, even after the facts confirmed the frivolity of their claims due to lack of injury. App. JA5512-5513; R. Doc. 107, at 3-4.

In short, the Court is "not helped by an amicus curiae's expression of a 'strongly held view' about the weight of the evidence…[The Court is helped] by being pointed to considerations germane to [its] decision of the appeal that the parties…have not brought to [the Court's] attention." *Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062, 1064 (7th Cir. 1997) (citation omitted). IFS-MI brings nothing germane. It only wants to insert its own political views or agenda. It wholly disregards Plaintiffs' lack of injury, a threshold requirement that allows courts to avoid becoming involved in politicized controversies, a requirement aptly noted here by the district court. *See* App. JA5309; R. Doc. 88, p. 4.

5

### B. IFS-MI is not an amicus curiae.

The partisan aspect of IFS-MI's brief alone provides sufficient basis for its rejection. "The orthodox view of amicus curiae was, and is, that of an *impartial* friend of the court—*not an adversary party in interest in the litigation*." *Michigan*, *supra*, 940 F.2d at 165 (citation omitted) (emphasis in original). "[P]articipation…to brief…as a friend of the court was, and continues to be, a privilege within 'the sound discretion of the courts'." *Id.* (citations omitted). IFS-MI readily admits that it is dedicated to Plaintiffs' cause. Only now on appeal does it purport to take an interest in Plaintiffs' litigation. Its brief only serves to impermissibly inject, without a complete understanding of the underlying facts, interest-group politics into the federal appellate process. *Nat'l Org. for Women*, *supra*, 223 F.3d at 617 (amicus briefs are usually "sponsored or encouraged by…parties in the cases in which they are sought to be filed, [and] may be intended to circumvent the page limitations on the parties' briefs, to the prejudice of any party who does not have an amicus ally").

And so, a purported amicus, such as IFS-MI, which is engaged in an adversarial role, or is an ally of one of the litigants, should not be allowed to appear. *Ryan*, *supra*, 125 F.3d at 1063. The adversarial role of IFS-MI becomes blatantly clear by its strong stance seeking recusal of the district court judge. Without question, its statements show a reckless disregard for truth. IFS-MI's appearance serves no purpose other than to lobby this Court in Plaintiffs' favor and espouse

6

unwarranted disrespect towards the judiciary. The fact that "organizations [such as IFS-MI] support or oppose an appeal is a datum that is irrelevant to judicial decision making." *Voices for Choices v. Ill. Bell Telephone Co.*, 339 F.3d 542, 545 (7th. Cir. 2003). The "power of constituents and interest groups" such as IFS-MI are improper in this judicial forum and should not be allowed. *Id.*

## C. IFS-MI's brief will not facilitate the Court's consideration of the issues on appeal.

Leave to file an amicus brief should only be granted if the brief assists the Court by presenting ideas, arguments, theories, insights, facts, or data that are not found in the parties' briefs. *Voices for Choices*, *supra*, 339 F.3d at 545. This criterion is more likely satisfied if the party on whose behalf the brief is filed is not adequately or competently represented, the amicus has a direct interest in another case that may be materially affected by the appellate decision, or the amicus has a "unique perspective or specific information" that can assist the court beyond what the parties can provide. *Id.* (*citing Nat'l Org. for Women*, *supra*, 223 F.3d at 616-17; *Ryan*, *supra*, 125 F.3d at 1063; and *Georgia v. Ashcroft*, 195 F.Supp.2d 25, 32 (D.D.C. 2002)). Otherwise, leave to file an amicus brief should be denied by the Court. *See*, *e.g.*, *Northern Securities*, *supra*, 191 U.S. at 556; *American College of Obstetricians & Gynecologists v. Thornburgh*, 699 F.2d 644 (3d Cir. 1983); *Rucker v. Great Scott Supermarkets*, 528 F.2d 393 (6th Cir. 1976); *Strasser*, *supra*, 432 F.2d at 569; and *Fluor Corp. v. United States*, 35 Fed. Cl. 284 (1996).

Appellate Case: 23-1880    Page: 10    Date Filed: 05/30/2023 Entry ID: 5281702

### 1.   The Parties are adequately represented.

Plaintiffs are adequately represented by Southeastern Legal Foundation. Amicus curiae are to be admitted to assist the Court in cases in which the parties' counsel is inadequate or incompetent. *See*, *e.g.*, *In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (denying amicus curiae's request as there was no evidence, *inter alia*, appellees were poorly represented). There is not, nor can there be, any valid contention that Plaintiffs' counsel is not "competent" for purposes of presenting issues and arguments and representing Plaintiffs' interests in this appeal. *See*, *e.g.*, *Erwin v. C.I.R.*, T.C. Memo. 1986-474 (U.S. Tax Ct. 1986) (denying leave where there was no "credible argument…that the briefs to be filed by the parties…w[ould] not fully and completely address all aspects" of the case).

### 2.   IFS-MI has shown no interest in another case that may be affected by this appeal.

IFS-MI has not shown that it has a direct interest in another case that may be materially affected by this Court's decision. Nor has IFS-MI shown that it has any interest or understanding of the workings, operations, or administration of a large urban public school district or the premises behind employment-related training, particularly in the context of addressing discrimination. Accordingly, it has no interest, other than an improper political interest, that may be affected by this appeal.

Appellate Case: 23-1880   Page: 11   Date Filed: 05/30/2023 Entry ID: 5281702

### 3. IFS-MI does not have unique information or a unique perspective.

IFS-MI's brief generally expounds its interpretations of multiple cases already extensively briefed before the district court. It also offers no unique or specialized information. Contrary to the role of an amicus curiae, IFS-MI reiterates Plaintiffs' arguments, interjects irrelevant factual minutia of inapposite cases into this litigation, and emphasizes its own "strongly held view about the weight of evidence." *See* Section III.A, *supra*. As in the case of *Ryan*, where the court rejected an adversarial brief masked as an "amici" filing, IFS-MI restates arguments asserted by Plaintiffs before the district court and in Plaintiff-Appellants' Brief and convolutes case holdings. *Ryan*, *supra*¸ 125 F.3d at 1064.

In sum, IFS-MI's brief does not state anything that Plaintiffs have not already relayed. Its brief misinterprets the opinions illustrating Plaintiffs' lack of standing,[2] and attempts to reargue, albeit incompletely, the merits of the action. It will not aid the Court. "In an era of heavy judicial caseloads…and expense of litigation…judges should be assiduous to bar the gates to amicus curiae briefs that fail to present

---

[2] Contrary to IFS-MI, and as noted by the district court, the following cases illustrate standing, the absence of which is found here. *See Telescope Media Grp. V. Lucero*, 936 F.3d 740 (8th Cir. 2019) (law required videographers to speak favorably about same-sex marriage if they choose to speak favorably about opposite-sex); *Speech First, Inc. v. Schlissel*, 939 F.3d 756 (6th Cir. 2019) (one accused of bias, who failed to meet with bias response team, could suffer reputational harm or administrative action); and *Axson-Flynn v. Johnson*, 356 F.3d 1277 (10th Cir. 2004) (Mormon student was forced to speak objectionable words or face expulsion from class).

9

convincing reasons why the parties' briefs do not give…all the help…needed for deciding the appeal." *Ryan*, *supra*, 125 F.3d at 1064. IFS-MI's adversarial brief does not contain the type of unique or specialized knowledge required of an amicus. Rather, allowing its proposed brief will serve only to inject impermissible political argument, multiply Plaintiffs-Appellants' briefs, unfairly increase their page limitation, and impose an undue burden on the Court and Defendants. *See*, *e.g.*, *Nat'l Org for Women*, *supra*, 223 F.3d at 617 (amicus briefs can be a "real burden on the court systems", imposing a "burden of study and the preparation of a possible response on the parties"); and *Voices for Choices*, *supra*, 339 F.3d at 545 (denying leave to amicus curiae as briefs contained few additional citations not found in parties' briefs and slightly more analysis on some points).

## IV.   CONCLUSION

WHEREFORE, Defendants-Appellees respectfully request that the motion for leave to file an amicus brief by Institute for Free Speech and Manhattan Institute in support of Plaintiffs-Appellants be denied, that Defendants-Appellees be awarded their attorney's fees and costs, and for such other relief as the Court deems just.

<div style="margin-left: 40%;">

Respectfully submitted,
ELLIS ELLIS HAMMONS & JOHNSON, P.C.
By*:   /s/ Ransom A Ellis*
        Ransom A Ellis, III, Mo. Bar 29129
        Tina G. Fowler, Mo. Bar 48522
        2808 S. Ingram Mill Road, Suite A104
        Springfield, MO  65804
        *Attorneys for Defendants-Appellees*

</div>

10

**Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements**

1.     This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

   X    this document contains 3,173 words, **or**

        this brief uses a monospaced typeface and contains [state the number of] lines of text.

2.     This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

   X    this document has been prepared in a proportionally spaced typeface using Word for Windows in 14-point font and Times New Roman type style, **or**

        this document has been prepared in a monospaced typeface using [state name and version of word-processing program] with [state number of characters per inch and name of type style].

(s) *Tina G. Fowler*

Attorney for   Defendants-Appellees

Dated:   May 30, 2023

Appellate Case: 23-1880     Page: 14     Date Filed: 05/30/2023 Entry ID: 5281702

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of May, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and a copy was made available to all electronic filing participants.


<div align="center">

*/s/ Tina G. Fowler*

Attorney of Record

</div>

Appellate Case: 23-1880    Page: 15    Date Filed: 05/30/2023 Entry ID: 5281702