No. 23-1374, No. 23-1880

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

BROOKE HENDERSON and JENNIFER LUMLEY,
    *Plaintiffs-Appellants*,

v.

SCHOOL DISTRICT OF SPRINGFIELD R-12, BOARD OF EDUCATION FOR THE SCHOOL DISTRICT OF SPRINGFIELD R-12, DR. GRENITA LATHAN, DR. YVANIA GARCIA-PUSATERI, and LAWRENCE ANDERSON,
    *Defendants-Appellees*.

___

Appeal from the United States District Court for the
Western District of Missouri, Southern Division
The Honorable Douglas Harpool
Case No. 6:21-cv-03219-MDH

___

## DEFENDANTS-APPELLEES' OPPOSITION TO "MOTION OF PARENTS DEFENDING EDUCATION FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF APPELLANTS AND REVERSAL"

___

Ransom A Ellis, III, Mo. Bar 29129
Tina G. Fowler, Mo. Bar 48522
ELLIS ELLIS HAMMONS & JOHNSON, P.C.
2808 S. Ingram Mill Road, Suite A-104
Springfield, Missouri 65804
rellis3@eehjfirm.com
tfowler@eehjfirm.com
Phone: (417) 866-5091
*Attorneys for Defendants-Appellees*

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES**……………..…………….…………...…ii

**I.      INTRODUCTION**……………….....……………….…………1

**II.     APPLICABLE LAW**……………...……………….…………1

**III.    ARGUMENT**……………………..……………….………..3

      **A.    PDE's brief is not helpful to this Court's determination**……………...…………..……………….3

      **B.    PDE is not an amicus curiae**………..…………...………..6

      **C.    PDE's brief will not facilitate the Court's consideration of the issues on appeal**……..……...…………8

            **1.    The Parties are adequately represented**......…..………8

            **2.    PDE has shown no interest in another case that may be affected by this appeal**…..…………..…9

            **3.    PDE does not have unique information or a unique perspective**………………...……………9

**IV.    CONCLUSION**……………………...……………………11

# TABLE OF AUTHORITIES

*281 Care Comm. v. Arneson,* 638 F.3d 621 (8th Cir. 2011)…………………….……10

*American Coll. of Obs. & Gyn. v. Thornburgh*, 699 F.2d 644 (3d Cir. 1983)…..……8

*American Satellite Co. v. United States*, 22 Cl. Ct. 547 (1991)………...……………5

*Erwin v. C.I.R.,* T.C. Memo. 1986-474 (U.S. Tax Ct. 1986)…………..…………….9

*Evergreen Ass'n, Inc. v. City of New York,* 740 F.3d 233 (2nd Cir. 2014)………….10

*Fluor Corp. v. United States*, 35 Fed. Cl. 284 (1996)……………..………………..8

*Georgia v. Ashcroft*, 195 F.Supp.2d 25 (D.D.C. 2002)……………...………………8

*Good News Club v. Milford Cent. Sch.*, 533 U.S. 98 (2001)……………………..3, 4

*Hurley v. Irish-American G.L.B. Grp. of Boston,* 515 U.S. 557 (1995)……………10

*In re Halo Wireless, Inc.*, 684 F.3d 581 (5th Cir. 2012)……………...………….…8

*Lamboy-Ortiz v. Ortiz-Velez*, 630 F.3d 228, 242 (1st Cir. 2010)……………………6

*Muldrow v. City of St. Louis, Mo.*, 30 F.4th 680 (8th Cir. 2022)……….……….…2

*Nat'l Org. for Women v. Scheidler*, 223 F.3d 615 (7th Cir. 2000)………...2, 7, 8, 11

*Northern Securities Co. v. United States*, 191 U.S. 555 (1903)…………..………2, 8

*Rucker v. Great Scott Supermarkets*, 528 F.2d 393 (6th Cir. 1976)…………………8

*New England Patriots v. Univ. of Colorado*, 592 F.2d 1196 (1st Cir. 1979)……....5

*Ryan v. Comm. Futures Trading Com'n*, 125 F.3d 1062 (7th Cir. 1997)……..5-8, 10

*Sierra Club, Inc. v. E.P.A.*, 358 F.3d 516 (7th Cir. 2004)……………………….…3

*Speech First, Inc. v. Schlissel,* 939 F.3d 756 (6th Cir. 2019)……………………….10

*Strasser v. Doorley*, 432 F.2d 567 (1st Cir. 1970)……………...……………2, 4, 8

*Telescope Media Grp. v. Lucero,* 936 F.3d 740 (8th Cir. 2019)……………………10

*United States v. Michigan*, 940 F.2d 143 (6th Cir. 1991)………….…...…….2, 6, 7

*Voices for Choices v. Ill. Bell Telephone*, 339 F.3d 542 (7th. Cir. 2003)…....7, 8, 11

*West Va. State Bd. of Edu. v. Barnette*, 319 U.S. 624 (1943)…………………….3

*Wragg v. Village of Thornton*, 604 F.3d 464 (7th Cir. 2010)………………………4

*Yip v. Pagano*, 606 F. Supp. 1566 (D.N.J. 1985)……………………………………2

# I.   INTRODUCTION

Plaintiffs-Appellants Brooke Henderson and Jennifer Lumley (hereinafter "Plaintiffs") are employees of the School District of Springfield R-12 (the "District"). Plaintiffs disagree with the principles of equity and anti-racism and filed suit against the District, its board, and several of its employees (hereinafter "Defendants") alleging that the 2020 employment-related, anti-racism training they received was unconstitutional in violation of their First Amendment rights. The district court granted Defendants' motion for summary judgment due to Plaintiffs' lack of standing as they suffered no adverse employment action. App. JA5306; R. Doc. 88. Further, recognizing that Plaintiffs dragged Defendants into a political dispute, rather than seeking a remedy for a genuine harm, in conjunction with its finding that extensive discovery revealed an obvious lack of injury-in-fact, the district court awarded Defendants their prevailing party attorney's fees and costs. App. JA5510; R. Doc. 107. Plaintiffs appealed. Parents Defending Education ("PDE") seeks leave to file an amicus brief in support of Plaintiffs-Appellants.

# II.   APPLICABLE LAW

The United States or a state may file an amicus brief without consent or leave of court, but all other amicus curiae may file a brief only by leave of court or if all parties have consented. FED.R.APP.P. 29(a)(2). Defendants do not consent to the

1

request by PDE.[1] Thus, "[w]hether to permit a non-party [such as PDE] to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace." *National Organization for Women v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000) (*citing* FED.R.APP.P. 29(a); *United States v. Michigan*, 940 F.2d 143 (6th Cir. 1991); and *Strasser v. Doorley*, 432 F.2d 567 (1st Cir. 1970)). This Court has discretion to allow the filing of amicus briefs when such filings are "justified by the circumstances." *Northern Securities Co. v. United States*, 191 U.S. 555, 556 (1903). However, leave to file briefs as amicus curiae may be denied where it does not appear that the applicant is interested in any other case which will be affected by the decision and where the parties are represented by competent counsel, whose consent has not been secured. *Id.* In addition, one wishing to submit an amicus brief must show that its participation is useful or desirable to the court and that it will aid the court in determining relevant legal issues. *Yip v. Pagano*, 606 F. Supp. 1566 (D.N.J. 1985), *aff'd*, 782 F.2d 1033 (3rd Cir. 1986), *cert. denied*, 476 U.S. 1141 (1986).

PDE has not shown that its participation would be "helpful" or useful. *See Muldrow v. City of St. Louis, Mo.*, 30 F.4th 680, 692 n. 6 (8th Cir. 2022). PDE is a special interest group of parents of school-aged children with no connection to this

---

[1] The first amicus curiae that sought consent to file a brief for Plaintiffs was Americans for Prosperity Foundation ("APF") (*see* Doc. No. 5281338, pp. 1-2). Out of courtesy, Defendants consented to APF's request. But APF took advantage of Defendants' consent, and added five special interest groups as amici curiae to its brief for which Defendants did not consent.

2

appeal. *See Sierra Club, Inc. v. E.P.A.*, 358 F.3d 516, 518 (7th Cir. 2004) ("Courts value submissions not to see how the interest groups line up, but to learn about facts and legal perspectives that the litigants have not adequately developed."). It provides ill-advised interpretations of numerous cases already briefed by the parties, likely due to its mischaracterization of, or choice to not review, the facts. Allowing filing of its amicus brief would only constitute an unwarranted opportunity for Plaintiffs to extend their arguments beyond the limitations placed on them by the rules of this Court. *See* FED.R.APP.P. 32. PDE's motion for leave should be denied.

## III. ARGUMENT

### A. PDE's brief is not helpful to this Court's determination.

PDE is a nationwide, grassroots membership organization largely consisting of parents of school-aged children. Its claimed mission is to prevent the politicization of K-12 education (which is ironic given its attempt to inject itself into this lawsuit), including government attempts to limit personal and professional development opportunities for female students in service to radical ideologies. PDE claims to further its mission through disclosure of harmful school policies. But, PDE has no place here. This case is not about a state resolution compelling <u>students</u> to do things against their beliefs, such as salute the flag, or face expulsion (*see West Va. State Bd. of Edu. v. Barnette*, 319 U.S. 624 (1943)); or, about a public school excluding a Christian club of <u>students</u> from meeting after hours at school (*see Good News Club*

3

*v. Milford Cent. Sch.*, 533 U.S. 98 (2001)). This case concerns a public school's employment-related, diversity training, a training designed to increase <u>employee</u> understanding and sensitivity to race issues likely to be confronted by minority and underrepresented students while in school. App. JA5327; R. Doc. 88, at 22. One would think that such an endeavor would be sincerely appreciated by an organization of parents of students, such as PDE; ominously it is not.

Further, "an amicus who argues facts should rarely be welcomed." *Strasser*, *supra*, 432 F.2d at 569. PDE not only argues facts, it mischaracterizes facts and encourages disregard of relevant ones. PDE claims the district court erred when it concluded Plaintiffs were not entitled to relief because there was no formal document labeling the training as a policy. PDE misses the point when it claims that the district court required a formal policy. While the district court did acknowledge that the District, by policy, required anti-racism training, it found "no" policy, practice, regulation, or otherwise,[2] that required Plaintiffs to express or adopt any viewpoints at odds with their personal views or face undesirable professional consequences. *See*, *e.g.*, App. JA5317; R. Doc. 88, at 12; *also see* JA5314; R. Doc. 88, at 9 n. 2 ("[A]nd no evidence [or policy] suggest[ed], Defendants conditioned

---

[2] Albeit PDE appears to somewhat understand this for it cites *Wragg v. Village of Thornton*, 604 F.3d 464 (7th Cir. 2010), among others, for the proposition that policy can be established through a widespread practice or through actions of a final decisionmaker. Here, as the district court found, no practice or action by a decisionmaker required Plaintiffs to express views at odds with their personal ones.

4

pay or professional development credit on Plaintiffs' expressing a specific viewpoint."). Plaintiffs, by policy or practice, only needed to attend the training. During training, Plaintiffs spoke openly, objecting to equity and anti-racism. And, regardless of their views, no action was taken against Plaintiffs, making PDE's "formal policy" argument immaterial and certainly not helpful.[3]

PDE also offers its unsupported view that the district court's only justification for awarding Defendants their attorney's fees was the district court's own alleged flawed constitutional interpretation. PDE's view shows a reckless disregard for truth, not only based on the facts at hand, but more concerningly, based on the law. Very well-settled precedent establishes that a plaintiff, who brings a frivolous § 1983 lawsuit, can certainly be required to pay a defendant's attorney's fees. App. JA5343-5349; R. Doc. 98, at 10-16. Thus, "courts frown[] on participation which simply allows the amicus to litigate its own views." *American Satellite Co. v. United States*, 22 Cl. Ct. 547, 549 (1991) (*citing New England Patriots v. Univ. of Colorado*, 592 F.2d 1196, 1198 n. 3 (1st Cir. 1979)). The Court is "not helped by an amicus curiae's expression of a 'strongly held view' about the weight of the evidence." *Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062, 1064 (7th Cir. 1997). The Court

---

[3] PDE also impermissibly adopts several of Plaintiffs' allegations as alleged factual admissions by Defendants (i.e. The District "does not deny that Plaintiffs were told that they 'must commit to' the District's positions on racial issues…[or] be 'complicit in white supremacy if they remined [sic] silent.'"). Such incorrect adaptations of the facts are not remotely helpful to this Court.

5

is helped "by being pointed to considerations germane to [its] decision of the appeal that the parties…have not brought to [the Court's] attention." *Id.* (citation omitted).

PDE brings nothing germane. It only wants to insert its own political views or agenda. It wholly disregards Plaintiffs' lack of injury, a threshold requirement that allows courts to avoid becoming involved in politicized controversies, a requirement aptly noted here by the district court. *See* App. JA5309; R. Doc. 88, p. 4. Its opinion, or view, in the face of controlling precedent, brings nothing to the table, particularly in regard to its stance against Defendants' attorney's fee award. Not only does PDE misinterpret caselaw,[4] PDE does not remotely acknowledge the district court's primary reasoning for the award (i.e. Plaintiffs aggressively pursued their case at the summary judgment stage, even after the facts confirmed the frivolity of their claims due to lack of injury). PDE's brief is not useful or in the least bit helpful.

### B. PDE is not an amicus curiae.

The partisan aspect of PDE's brief alone provides sufficient basis for its rejection. "The orthodox view of amicus curiae was, and is, that of an *impartial friend of the court—not an adversary party in interest in the litigation*." *Michigan*,

---

[4] PDE argues that merely failing to prevail on the merits at the summary judgment phase is not a circumstance entitling a defendant to its fees. This is wrong, even under the case law it cites. *See*, *e.g.*, *Lamboy-Ortiz v. Ortiz-Velez*, 630 F.3d 228, 242 (1st Cir. 2010) (finding "most claims that would warrant an award of attorney's fees under section 1988's relatively stringent standards—those that are truly 'frivolous, unreasonable, or without foundation,' … will not survive summary judgment.").

6

*supra*, 940 F.2d at 165 (citation omitted) (emphasis in original). "[P]articipation…to brief…as a friend of the court was, and continues to be, a privilege within 'the sound discretion of the courts'." *Id.* (citations omitted). PDE readily admits that it is dedicated to Plaintiffs' cause. Yet, only on appeal does it purport to take an interest in Plaintiffs' litigation. Its brief only serves to impermissibly inject, with a disregard for the actual facts, interest-group politics into the federal appellate process. *Nat'l Org. for Women*, *supra*, 223 F.3d at 617 (noting amicus briefs are usually "sponsored or encouraged by one or more of the parties in the cases in which they are sought to be filed, [and] may be intended to circumvent the page limitations on the parties' briefs, to the prejudice of any party who does not have an amicus ally." *Id.*

Given that PDE is a partisan, an ally, and an advocate for Plaintiffs, its motion to appear must be closely scrutinized. PDE's appearance serves no purpose other than to lobby this Court in Plaintiffs' favor. The fact that "organizations [such as PDE] support or oppose an appeal is a datum that is irrelevant to judicial decision making." *Voices for Choices v. Ill. Bell Telephone Co.*, 339 F.3d 542, 545 (7th. Cir. 2003). The "power of constituents and interest groups" such as PDE are improper in this judicial forum and should not be allowed. *Id.* PDE should not be allowed to appear. *See*, Ryan*, supra,* 125 F.3d at 1063.

### C. PDE's brief will not facilitate the Court's consideration of the issues on appeal.

Leave to file an amicus brief should only be granted if the brief assists the Court by presenting ideas, arguments, theories, insights, facts, or data that are not found in the parties' briefs. *Voices for Choices*, *supra*, 339 F.3d at 545. This criterion is more likely satisfied if the party on whose behalf the brief is filed is not adequately or competently represented, the amicus has a direct interest in another case that may be materially affected by the appellate decision, or the amicus has a "unique perspective or specific information" that can assist the court. *Id.* (*citing Nat'l Org. for Women*, *supra*, 223 F.3d at 616-17; *Ryan*, *supra*, 125 F.3d at 1063; and *Georgia v. Ashcroft*, 195 F.Supp.2d 25, 32 (D.D.C. 2002)). Otherwise, leave to file an amicus brief should be denied. *See*, *e.g.*, *Northern Securities*, *supra*, 191 U.S. at 556; *American College of Obs. & Gyn. v. Thornburgh*, 699 F.2d 644 (3d Cir. 1983); *Rucker v. Great Scott Supermarkets*, 528 F.2d 393 (6th Cir. 1976); *Strasser*, *supra*, 432 F.2d at 569; and *Fluor Corp. v. United States*, 35 Fed. Cl. 284 (1996).

### 1. The Parties are adequately represented.

Plaintiffs are adequately represented by Southeastern Legal Foundation. Amicus curiae are to be admitted to assist the Court in cases in which the parties' counsel is inadequate or incompetent. *See*, *e.g.*, *In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (denying amicus curiae's request as there was no evidence, *inter alia*, appellees were poorly represented). There is not, nor can there be, any

valid contention that Plaintiffs' counsel is not "competent" for purposes of presenting issues and arguments and representing Plaintiffs' interests in this appeal. *See*, *e.g.*, *Erwin v. C.I.R.*, T.C. Memo. 1986-474 (U.S. Tax Ct. 1986) (denying leave where there was no "credible argument…that the briefs to be filed by the parties…w[ould] not fully and completely address all aspects" of the case).

## 2. PDE has shown no interest in another case that may be affected by this appeal.

PDE has not shown that it has a direct interest in another case that may be materially affected by this Court's decision. Nor has PDE shown that it has any interest or understanding of the workings, operations, or administration of a large urban public school district or the premises behind employment-related training, particularly in the context of addressing discrimination. PDE has no interest, other than an improper political interest, which may be affected by this appeal.

## 3. PDE does not have unique information or a unique perspective.

PDE argues that by disallowing Plaintiffs' First Amendment claims due to their expressions of their beliefs during the training, the district court ignored decisions emphasizing that the relevant First Amendment inquiry is whether the government wields apparent authority in a coercive manner. Not only does PDE's recitation of cases provide no unique perspective or information, its case interpretations are misguided. Plaintiffs here suffered no adverse employment

9

action, nor did they face an adverse threat comparable with the ones at issue in the cases PDE cites.[5] PDE also reiterates Plaintiffs' arguments, interjects irrelevant factual minutia of other inapposite cases, and emphasizes its own "strongly held view about the weight of evidence." *See* Section III.A, *supra*. Its adversarial brief masked as an "amici" filing, should be rejected. *See Ryan*, *supra*, 125 F.3d at 1064.

In short, PDE's brief, which disregards Plaintiffs' lack of standing and attempts to reargue, albeit incompletely, the merits of the action, will not aid the Court. "In an era of heavy judicial caseloads…and expense of litigation…judges should be assiduous to bar the gates to amicus curiae briefs that fail to present convincing reasons why the parties' briefs do not give…all the help…needed for deciding the appeal." *Ryan*, *supra*, 125 F.3d at 1064. PDE's adversarial brief does not contain the type of unique or specialized knowledge required of an amicus. Allowing its proposed brief will serve only to multiply Plaintiffs-Appellants' briefs,

---

[5] *See*, *e.g.*, *Hurley v. Irish-American Gay, Lesbian & Bisexual Grp. of Boston,* 515 U.S. 557 (1995) (law required inclusion of certain minority groups in parade); *Telescope Media Grp. v. Lucero*, 936 F.3d 740 (8th Cir. 2019) (law required videographers to speak favorably about same-sex marriage if they spoke favorably about opposite-sex); *Speech First, Inc. v. Schlissel*, 939 F.3d 756 (6th Cir. 2019) (one accused of bias, who failed to meet with bias response team, could suffer reputational harm, administrative action); *Evergreen Ass'n, Inc. v. City of New York*, 740 F.3d 233 (2nd Cir. 2014) (law or ordinance required pregnancy services centers to disclose that city health department encouraged pregnant woman to consult with licensed medical provider); and *281 Care Comm. v. Arneson*, 638 F.3d 621 (8th Cir. 2011) (law made plaintiffs subject to prosecution should they knowingly, recklessly disregard the truth when opposing proposed ballot initiative).

unfairly increase their page limitation, and impose an undue burden on the Court and Defendants. *See*, *e.g.*, *Nat'l Org for Women*, *supra*, 223 F.3d at 617 (amicus briefs can be a "real burden on the court systems", imposing a "burden of study and the preparation of a possible response on the parties"); and *Voices for Choices*, *supra*, 339 F.3d at 545 (denying leave to amicus curiae as briefs contained few additional citations not found in parties' briefs and slightly more analysis on some points).

### IV.  CONCLUSION

WHEREFORE, Defendants-Appellees respectfully request that Parents Defending Education's motion for leave to file an amicus brief in support of Plaintiffs-Appellants be denied, that the Court award Defendants-Appellees their attorney's fees and costs incurred, and for such other relief as the Court deems just.

Respectfully submitted,

ELLIS ELLIS HAMMONS & JOHNSON, P.C.

By*:*  */s/ Ransom A Ellis*
　　　Ransom A Ellis, III, Mo. Bar 29129
　　　Tina G. Fowler, Mo. Bar 48522
　　　2808 S. Ingram Mill Road, Suite A104
　　　Springfield, MO  65804
　　　*Attorneys for Defendants-Appellees*

# Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

      X   this document contains 3,527 words, **or**

    \_\_\_\_\_ this brief uses a monospaced typeface and contains [state the number of] lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

      X   this document has been prepared in a proportionally spaced typeface using Word for Windows in 14-point font and Times New Roman type style, **or**

    \_\_\_\_\_ this document has been prepared in a monospaced typeface using [state name and version of word-processing program] with [state number of characters per inch and name of type style].

(s) *Tina G. Fowler*

Attorney for   Defendants-Appellees

Dated:   May 30, 2023

# **CERTIFICATE OF SERVICE**

   I hereby certify that on this 30th day of May, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and a copy was made available to all electronic filing participants.

           */s/ Tina G. Fowler*
           Attorney of Record