No. 23-1374, No. 23-1880

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

BROOKE HENDERSON and JENNIFER LUMLEY,
    *Plaintiffs-Appellants*,

v.

SCHOOL DISTRICT OF SPRINGFIELD R-12, BOARD OF EDUCATION
FOR THE SCHOOL DISTRICT OF SPRINGFIELD R-12,
DR. GRENITA LATHAN, DR. YVANIA GARCIA-PUSATERI, and
LAWRENCE ANDERSON,
    *Defendants-Appellees*.

_____

Appeal from the United States District Court for the
Western District of Missouri, Southern Division
The Honorable Douglas Harpool
Case No. 6:21-cv-03219-MDH

_____

## DEFENDANTS-APPELLEES' OPPOSITION TO
## "MOTION OF GOLDWATER INSTITUTE, KANSAS JUSTICE INSTITUTE, MISSISSIPPI JUSTICE INSTITUTE, AND SHOW ME INSTITUTE FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE IN SUPPORT OF APPELLANTS AND REVERSAL OF ATTORNEYS FEES"

_____

Ransom A Ellis, III, Mo. Bar 29129
Tina G. Fowler, Mo. Bar 48522
ELLIS ELLIS HAMMONS & JOHNSON, P.C.
2808 S. Ingram Mill Road, Suite A-104
Springfield, Missouri 65804
rellis3@eehjfirm.com
tfowler@eehjfirm.com
Phone: (417) 866-5091
*Attorneys for Defendants-Appellees*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES………………..……………………...…ii

I. INTRODUCTION………………...……………………1

II. APPLICABLE LAW………………...……………………1

III. ARGUMENT………………..……………………….3

    A. Goldwater's brief is not helpful to this Court's determination……………….…………….....……………….3

    B. Goldwater is not an amicus curiae…………..…………….. 6

    C. Goldwater's brief will not facilitate the Court's consideration of the issues on appeal…….………..………… 8

        1. The Parties are adequately represented…..………….9

        2. Goldwater has shown no interest in another case that may be affected by this appeal…..………....……..9

        3. Goldwater does not have unique information or a unique perspective………………...…...…………10

IV. CONCLUSION……………………...…………………….11

# **TABLE OF AUTHORITIES**

*Adem v. Jeff. Mem'l Hosp. Ass'n*, 2013 WL 1351869 (E.D. Mo. 2013)……………..….7

*American Coll. of Obs. & Gyn. v. Thornburgh*, 699 F.2d 644 (3d Cir. 1983)…..….…8

*American Satellite Co. v. United States*, 22 Cl. Ct. 547 (1991)………...……………4

*Bennett v. Hendrix*, 423 F.3d 1247 (11th Cir. 2005)……………………………..…6

*Biggs v. Maryland* Heights, 2022 WL 2045892 (E.D. Mo. 2022)………………...….7

*Erwin v. C.I.R.,* T.C. Memo. 1986-474 (U.S. Tax Ct. 1986)……………...………….9

*Fluor Corp. v. United States*, 35 Fed. Cl. 284 (1996)…………………………….…8

*Garcia v. City of Trenton*, 348 F.3d 726 (8th Cir. 2003)……………………….....4, 5

*Georgia v. Ashcroft*, 195 F.Supp.2d 25 (D.D.C. 2002)……………...…….………..8

*In re Halo Wireless, Inc.*, 684 F.3d 581 (5th Cir. 2012)……………...……………9

*Kilborn v.* Amiridis, 2023 WL 2058061 (N.D. Ill. 2023)……………………….....6

*Muldrow v. City of St. Louis, Mo.*, 30 F.4th 680 (8th Cir. 2022)……….….……….3

*Nat'l Org. for Women v. Scheidler*, 223 F.3d 615 (7th Cir. 2000)………....2, 7, 8, 10

*Northern Securities Co. v. United States*, 191 U.S. 555 (1903)………….……….2, 8

*Rodriquez v. Serna*, 2019 WL 2340958 (D.N.M. 2019)………………………….6

*Rucker v. Great Scott Supermarkets*, 528 F.2d 393 (6th Cir. 1976)……………….8

*New England Patriots v. Univ. of Colorado*, 592 F.2d 1196 (1st Cir. 1979)……....4

*Ryan v. Comm. Futures Trading Com'n*, 125 F.3d 1062 (7th Cir. 1997)…......5, 8, 10

*Sierra Club, Inc. v. E.P.A.*, 358 F.3d 516 (7th Cir. 2004)………………………….3

*Strasser v. Doorley*, 432 F.2d 567 (1st Cir. 1970)………………..……………2, 4, 8

*United States v. Michigan*, 940 F.2d 143 (6th Cir. 1991)…………...…………2, 6

*Voices for Choices v. Ill. Bell Telephone*, 339 F.3d 542 (7th. Cir. 2003)……......8, 10

*Yip v. Pagano*, 606 F. Supp. 1566 (D.N.J. 1985)…………………………………2

Federal Rules of Appellate Procedure 29(a)(2) or 32…………………….1, 2, 3

# I.     INTRODUCTION

Plaintiffs-Appellants Brooke Henderson and Jennifer Lumley (hereinafter "Plaintiffs") are employees of the School District of Springfield R-12 (the "District"). Plaintiffs disagree with the principles of equity and anti-racism and filed suit against the District, its board, and several of its employees (hereinafter "Defendants") alleging that the 2020 employment-related, anti-racism training they received was unconstitutional in violation of their First Amendment rights. The district court granted Defendants' motion for summary judgment due to Plaintiffs' lack of standing as they suffered no adverse employment action. App. JA5306; R. Doc. 88. Further, recognizing that Plaintiffs dragged Defendants into a political dispute, rather than seeking a remedy for a genuine harm, in conjunction with its finding that extensive discovery revealed an obvious lack of injury-in-fact, the district court awarded Defendants their prevailing party attorney's fees and costs. App. JA5510; R. Doc. 107. Plaintiffs appealed. Goldwater Institute, Kansas Justice Institute, Mississippi Justice Institute, and Show Me Institute (collectively "Goldwater") seek leave to file an amici brief in support of Plaintiffs-Appellants.

# II.    APPLICABLE LAW

The United States or a state may file an amicus brief without consent or leave of court, but all other amicus curiae may file a brief only by leave of court or if all parties have consented. FED.R.APP.P. 29(a)(2). Defendants do not consent to the

1

request by Goldwater.[1] Thus, "[w]hether to permit a non-party [such as Goldwater] to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace." *National Organization for Women v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000) (*citing* FED.R.APP.P. 29(a); *United States v. Michigan*, 940 F.2d 143 (6th Cir. 1991); and *Strasser v. Doorley*, 432 F.2d 567 (1st Cir. 1970)). This Court has discretion to allow the filing of amicus briefs when such filings are "justified by the circumstances." *Northern Securities Co. v. United States*, 191 U.S. 555, 556 (1903). Leave may be denied where it does not appear that the applicant is interested in any other case which will be affected by the decision and where the parties are represented by competent counsel, whose consent has not been secured. *Id.* An amicus must show that its participation is useful or desirable and that it will aid the court in determining relevant legal issues. *Yip v. Pagano*, 606 F. Supp. 1566 (D.N.J. 1985), *aff'd*, 782 F.2d 1033 (3rd Cir. 1986), *cert. denied*, 476 U.S. 1141 (1986).

In its brief, Goldwater asks this Court to ignore critical facts, asks this Court to consider inapplicable and inapposite cases, and in essence asks this Court to adopt its view of what it calls the "nature of 'anti-racism' (AR) theory" or the anti-racism movement, a premise Goldwater claims differs from anti-discrimination principles.

---

[1] The first amicus curiae that sought consent to file a brief for Plaintiffs was Americans for Prosperity Foundation ("APF") (*see* Doc. No. 5281338, pp. 1-2). Out of courtesy, Defendants consented to APF's request. But APF took advantage of Defendants' consent, and added five special interest groups as amici curiae for which Defendants did not consent.

Goldwater has not shown that its participation would be "helpful" or useful. *See Muldrow v. City of St. Louis, Mo.*, 30 F.4th 680, 692 n. 6 (8th Cir. 2022). Goldwater is merely a special interest group, a true ally of Plaintiffs, with no connection to this appeal. *See Sierra Club, Inc. v. E.P.A.*, 358 F.3d 516, 518 (7th Cir. 2004) ("Courts value submissions not to see how the interest groups line up, but to learn about facts and legal perspectives that the litigants have not adequately developed."). Allowing Goldwater to file its brief ensures an opportunity for Plaintiffs to extend their arguments beyond the limitations allowed by the rules of this Court. *See* FED.R.APP.P. 32. Goldwater's motion for leave should be denied.

## III. ARGUMENT

### A. Goldwater's brief is not helpful to this Court's determination.

Goldwater, collectively, is a non-profit public interest legal organization in five states claimed to be dedicated to the vindication of constitutional rights against government overreach and abuse. Goldwater litigates and claims to advocate for a colorblind society and asserts that its brief explains "anti-racism" theory in detail and why being compelled to participate in anti-racism training would have caused a reasonable person to believe that speaking up would result in retaliation. Its brief spends much time debating its version of the "nature of 'anti-racism' (AR) theory" that it claims "has become fashionable in recent years." Its brief is replete with opinions from alleged racial scholars and racial-theorists, as well as articles and

3

blogs, that it uses in its proposed brief to challenge anti-racism training which it argues "differs from anti-discrimination principles."

Goldwater's views of what it calls anti-racism "theory" or the anti-racism "movement," and the views of those it cites, are not helpful to the issues before this Court. Reading page after page of theory, opinion, and its view of "propaganda" makes it easy to see why "courts frown[] on participation which simply allows the amicus to litigate its own views." *American Satellite Co. v. United States*, 22 Cl. Ct. 547, 549 (1991) (*citing New England Patriots v. Univ. of Colorado*, 592 F.2d 1196, 1198 n. 3 (1st Cir. 1979)). And, moreover, Goldwater seeks to drastically minimize the scope of the district court's opinion. It mischaracterizes the few facts it cites, and blatantly admits that it believes certain crucial facts, such as Plaintiffs objecting to anti-racism during the training and suffering no adverse consequences, are irrelevant to this Court's decision. Just as an amicus who argues facts should not be welcome, an amicus who asks the Court to disregard relevant facts should certainly not be welcome. *See Strasser*, *supra*, 432 F.2d at 569.

Moreover, Goldwater relies heavily on *Garcia v. City of Trenton*, 348 F.3d 726 (8th Cir. 2003), and postures its view by claiming that the question before this Court is whether a reasonably prudent person would have feared to express disagreement, and that to understand why one would so fear, the Court needs to consider Goldwater's view of "the nature of the [anti-racism] propaganda sessions

4

to which public employees such as Plaintiffs are now routinely subjected." As this Court knows, its decision in *Garcia* is wholly inapposite to the facts here, and so much so, it sums up why Goldwater's appearance has no place in this litigation.[2] In fact, it is remarkable that Goldwater compares that mayor's choice to engage "the punitive machinery of government" by threatening, and then having tickets issued to the *Garcia* plaintiff, due to her complaints, with an employment-related training.

In short, Goldwater's claimed requirement that this Court utilize a reasonably believed test <u>under the facts of this case</u>, are misleading and disingenuous. Its view places nothing but a distraction and a true burden on this Court, as well as Defendants. This Court is never helped by an amicus curiae with result-focused views, just like this Court is "not helped by an amicus curiae's expression of a 'strongly held view' about the weight of the evidence [although it does not appear that Goldwater, here, is even considering the evidence]." *Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062, 1064 (7th Cir. 1997). This Court is helped "by being pointed to considerations germane to [its] decision…that the

---

[2] Ms. Garcia, a business owner, parked in front of her store in violation of the city's 2-hour limit without incident. She began objecting to the city not enforcing the sidewalk ordinance (prohibiting bicycles) to no avail. After a "heated exchange" the mayor told her the 2-hour limit would be enforced against her due to her complaints, and it was. Following a jury verdict in her favor, this Court applied an "objective" test asking, "What would a person of 'ordinary firmness' have done in reaction to the tickets?" This Court found evidence sufficient to show the retaliatory issuance of the tickets would chill the speech of a person of ordinary firmness.

5

parties…have not brought to [the Court's] attention." *Id.* None of which Goldwater has brought here, which is also true for the other opinions upon which it relies, all of which are inapposite.[3]

**B.     Goldwater is not an amicus curiae.**

The partisan aspect of Goldwater's brief alone provides sufficient basis for its rejection. "The orthodox view of amicus curiae was, and is, that of an *impartial friend of the court—not an adversary party in interest in the litigation*." *Michigan*, *supra*, 940 F.2d at 165 (citation omitted) (emphasis in original). "[P]articipation…to brief…as a friend of the court was, and continues to be, a privilege within 'the sound discretion of the courts'." *Id.* (citations omitted). The sheer fact that Goldwater spends most of its thirty-page brief arguing about "anti-racism (AR) theory" or the "anti-racist (AR) doctrine" with comments such as "[t]here is probably no act more fraught in today's political environment than for a public school employee to openly disagree with AR doctrine," perfectly illustrates why its proposed brief is nothing

---

[3] *See*, *e.g.*, *Bennett v. Hendrix*, 423 F.3d 1247 (11th Cir. 2005) (finding a "record…replete with instances where the defendants [deputies] followed, pulled over, cited, intimidated, or otherwise harassed the plaintiffs" would likely deter a person of ordinary firmness from exercising their rights); *Kilborn v. Amiridis*, 2023 WL 2058061 (N.D. Ill. 2023) (finding that while professor "may not ultimately prevail on his compelled speech claim," his allegations that he could not teach until completing sensitivity training "suffice[d] at [motion to dismiss] stage"); and *Rodriquez v. Serna*, 2019 WL 2340958 (D.N.M. 2019) (in context of defendant not challenging that plaintiff engaged in protected speech, finding harassing plaintiff by entering her office while she was examining public records and encouraging other employees to physically batter her, sufficient to chill a person of ordinary firmness).

6

more than an attempt to impermissibly inject interest-group politics into the federal appellate process. *Nat'l Org. for Women*, *supra*, 223 F.3d at 617. Its brief should be rejected on that basis alone, and also proves that its brief <u>is</u> in fact "sponsored or encouraged by" Plaintiffs and <u>is</u> "intended to circumvent the page limitations" on Plaintiffs-Appellants' brief "to the prejudice" of Defendants-Appellees. *Id.*

Goldwater further shows its partisan role when arguing against the attorney's fees award in favor of Defendants. It claims that amici regularly litigate against government wrongdoing, "just as the appellants' counsel are doing here," and that Plaintiffs brought their case in good faith and should not be penalized. Goldwater's opinions in this regard are not helpful[4] and it in essence argues that in any case a plaintiff believes they are bringing in good faith, with a claimed public interest cause, should be immune from having to pay a defendant's attorney's fees should the case fail. Goldwater ignores well-settled precedent that a plaintiff, who brings a frivolous § 1983 lawsuit, and who continues to pursue that claim after the facts confirm its frivolity due to lack of injury, should pay a defendant's attorney's fees. App. JA5343-5349; R. Doc. 98, at 10-16. Thus, Goldwater's appearance serves no

---

[4] *See*, *e.g.*, *Adem v. Jeff. Mem'l Hosp. Ass'n*, 2013 WL 1351869 (E.D. Mo. 2013) (finding plaintiff had reasonable basis to believe that the defendants' decision to *revoke his medical staff privileges* was motivated in large part by racial animus) (emphasis added); and *Biggs v. Maryland Heights*, 2022 WL 2045892 (E.D. Mo. 2022) (officer found to have engaged in conduct that *violated department policy* by using a rolling roadblock to stop plaintiff's vehicle) (emphasis added).

7

purpose other than to lobby this Court in Plaintiffs' favor. The fact that "organizations [such as Goldwater] support or oppose an appeal is a datum that is irrelevant to judicial decision making." *Voices for Choices v. Ill. Bell Telephone Co.*, 339 F.3d 542, 545 (7th. Cir. 2003). The "power of constituents and interest groups" such as Goldwater are improper in this judicial forum and should not be allowed. *Id.* Goldwater should not be allowed to appear. *See Ryan*, *supra*, 125 F.3d at 1063.

### C. Goldwater's brief will not facilitate the Court's consideration of the issues on appeal.

Leave to file an amicus brief should only be granted if the brief assists the Court by presenting ideas, arguments, theories, insights, facts, or data that are not found in the parties' briefs. *Voices for Choices*, *supra*, 339 F.3d at 545. This criterion is more likely satisfied if the party on whose behalf the brief is filed is not adequately or competently represented, the amicus has a direct interest in another case that may be materially affected by the appellate decision, or the amicus has a "unique perspective or specific information" that can assist the court. *Id.* (*citing Nat'l Org. for Women*, *supra*, 223 F.3d at 616-17; *Ryan*, *supra*, 125 F.3d at 1063; and *Georgia v. Ashcroft*, 195 F.Supp.2d 25, 32 (D.D.C. 2002)). Otherwise, leave to file an amicus brief should be denied by the Court. *See*, *e.g.*, *Northern Securities*, *supra*, 191 U.S. at 556; *American Coll. of Obs. & Gyn. v. Thornburgh*, 699 F.2d 644 (3d Cir. 1983); *Rucker v. Great Scott Supermarkets*, 528 F.2d 393 (6th Cir. 1976); *Strasser*, *supra*, 432 F.2d at 569; and *Fluor Corp. v. United States*, 35 Fed. Cl. 284 (1996).

8

### 1. The Parties are adequately represented.

Plaintiffs are adequately represented by Southeastern Legal Foundation. Amicus curiae are to be admitted to assist the Court in cases in which the parties' counsel is inadequate or incompetent. *See*, *e.g.*, *In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (denying amicus curiae's request as there was no evidence, *inter alia*, appellees were poorly represented). There is not, nor can there be, any valid contention that Plaintiffs' counsel is not "competent" for purposes of presenting issues and arguments and representing Plaintiffs' interests in this appeal. *See*, *e.g.*, *Erwin v. C.I.R.*, T.C. Memo. 1986-474 (U.S. Tax Ct. 1986) (denying leave where there was no "credible argument…that the briefs to be filed by the parties…w[ould] not fully and completely address all aspects" of the case).

### 2. Goldwater has shown no interest in another case that may be affected by this appeal.

Goldwater has no direct interest in another case that may be materially affected by this Court's decision. Nor has Goldwater shown that it has any interest or understanding of the workings, operations, or administration of a large urban public school district or the premises behind employment-related training, particularly in the context of addressing discrimination. Accordingly, it has no interest, other than an improper political interest, that may be affected by this appeal.

### 3. Goldwater does not have unique information or a unique perspective.

Goldwater's brief offers no unique or specialized information. Thus, contrary to the role of an amicus curiae, Goldwater interjects inapposite cases into this litigation and espouses its strongly held view about anti-racism theory. *See* Section III.A, *supra*. As in *Ryan*, where the court rejected an adversarial brief masked as an "amici" filing, Goldwater's brief too should be rejected. *Ryan*, *supra*¸ 125 F.3d at 1064. Its brief, which asks this court to disregard critical facts relating to Plaintiffs' lack of injury is not the least bit helpful in light of the facts at hand and will not aid this Court. "In an era of heavy judicial caseloads…and expense of litigation…judges should be assiduous to bar the gates to amicus curiae briefs that fail to present convincing reasons why the parties' briefs do not give…all the help…needed for deciding the appeal." *Ryan*, *supra*, 125 F.3d at 1064. Its brief does not contain the type of unique or specialized knowledge required of an amicus. Allowing its brief will serve only to multiply Plaintiffs' briefs, unfairly increase their page limitation, and impose an undue burden on the Court and Defendants. *See*, *e.g.*, *Nat'l Org for Women*, *supra*, 223 F.3d at 617 (amicus briefs can be a "real burden on the court systems", imposing a "burden of study and the preparation of a possible response on the parties"); and *Voices for Choices*, *supra*, 339 F.3d at 545 (denying leave to file amicus briefs which contained few additional citations not found in parties' briefs and slightly more analysis).

## IV. **CONCLUSION**

WHEREFORE, Defendants-Appellees respectfully request that the motion for leave to file an amici brief in support of Plaintiffs-Appellants by Goldwater Institute, Kansas Justice Institute, Mississippi Justice Institute, and Show Me Institute, be denied, that the Court award Defendants-Appellees their attorney's fees and costs incurred, and for such other relief as the Court deems just.

                Respectfully submitted,

                ELLIS ELLIS HAMMONS & JOHNSON, P.C.

By: */s/ Ransom A Ellis*
      Ransom A Ellis, III, Mo. Bar 29129
      Tina G. Fowler, Mo. Bar 48522
      2808 S. Ingram Mill Road, Suite A104
      Springfield, MO 65804
      *Attorneys for Defendants-Appellees*

# Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

    X    this document contains 3,439 words, **or**

        this brief uses a monospaced typeface and contains [state the number of] lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

    X    this document has been prepared in a proportionally spaced typeface using Word for Windows in 14-point font and Times New Roman type style, **or**

        this document has been prepared in a monospaced typeface using [state name and version of word-processing program] with [state number of characters per inch and name of type style].

(s) *Tina G. Fowler*

Attorney for   Defendants-Appellees

Dated:   June 1, 2023

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 1st day of June, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and a copy was made available to all electronic filing participants.

           */s/ Tina G. Fowler*
            Attorney of Record