No. 23-1374, No. 23-1880

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

BROOKE HENDERSON and JENNIFER LUMLEY,
    *Plaintiffs-Appellants*,

v.

SCHOOL DISTRICT OF SPRINGFIELD R-12, BOARD OF EDUCATION FOR THE SCHOOL DISTRICT OF SPRINGFIELD R-12, DR. GRENITA LATHAN, DR. YVANIA GARCIA-PUSATERI, and LAWRENCE ANDERSON,
    *Defendants-Appellees*.

___

Appeal from the United States District Court for the
Western District of Missouri, Southern Division
The Honorable Douglas Harpool
Case No. 6:21-cv-03219-MDH

___

## DEFENDANTS-APPELLEES' OPPOSITION TO "MOTION FOR LEAVE TO FILE BRIEF FOR *AMICUS CURIAE* AMERICAN FIRST LEGAL FOUNDATION IN SUPPORT OF PLAINTIFFS-APPELLANTS AND REVERSAL"

Ransom A Ellis, III, Mo. Bar 29129
Tina G. Fowler, Mo. Bar 48522
ELLIS ELLIS HAMMONS & JOHNSON, P.C.
2808 S. Ingram Mill Road, Suite A-104
Springfield, Missouri 65804
rellis3@eehjfirm.com
tfowler@eehjfirm.com
Phone: (417) 866-5091
*Attorneys for Defendants-Appellees*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………...………………………...…ii

I. INTRODUCTION……………….....…………………………1

II. APPLICABLE LAW……………...……………….…………1

III. ARGUMENT……………………..…………………………..3

    A. AFL's brief is not helpful to this Court's determination……………...………………..…………………3

    B. AFL is not an amicus curiae………...……………………….. 6

    C. AFL's brief will not facilitate the Court's consideration of the issues on appeal……..………..…………7

        1. The Parties are adequately represented…..………….8

        2. AFL has shown no interest in another case that may be affected by this appeal…..……………..…9

        3. AFL does not have unique information or a unique perspective………………...………………9

IV. CONCLUSION…………………...…………………………10

# **TABLE OF AUTHORITIES**

**Cases**

*American Coll. of Obs. & Gyn. v. Thornburgh*, 699 F.2d 644 (3d Cir. 1983)…..……8

*American Satellite Co. v. United States*, 22 Cl. Ct. 547 (1991)………...……………5

*Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978)………………………....5

*CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419 (2016)……………………………4

*Erwin v. C.I.R.,* T.C. Memo. 1986-474 (U.S. Tax Ct. 1986)…………...……………8

*Fluor Corp. v. United States*, 35 Fed. Cl. 284 (1996)……………….………………8

*Garmong v. County of Lyon*, 807 Fed. Appx. 636 (9th Cir. 2020)…………………4

*Georgia v. Ashcroft*, 195 F.Supp.2d 25 (D.D.C. 2002)……………...……………8

*In re Halo Wireless, Inc*., 684 F.3d 581 (5th Cir. 2012)……………...……………8

*Keene Corp. v. Cass*, 908 F.2d 293 (8th Cir. 1990)……………………………….3

*Muldrow v. City of St. Louis, Mo*., 30 F.4th 680 (8th Cir. 2022)……….…………3

*Nat'l Org. for Women v. Scheidler*, 223 F.3d 615 (7th Cir. 2000)………...2, 7, 8, 10

*Northern Securities Co. v. United States*, 191 U.S. 555 (1903)…………..………2, 8

*Rucker v. Great Scott Supermarkets*, 528 F.2d 393 (6th Cir. 1976)…………………8

*New England Patriots v. Univ. of Colorado*, 592 F.2d 1196 (1st Cir. 1979)……....…5

*Raniere v. Microsoft Corp*., 887 F.3d 1298 (Fed. Cir. 2018)………………………4

*Ryan v. Comm. Futures Trading Com'n*, 125 F.3d 1062 (7th Cir. 1997)……..5, 8, 9

*Sierra Club, Inc. v. E.P.A*., 358 F.3d 516 (7th Cir. 2004)……………………………3

*Strasser v. Doorley*, 432 F.2d 567 (1st Cir. 1970)……………….…………….2, 5, 8

*United States v. Michigan*, 940 F.2d 143 (6th Cir. 1991)…………...…………2, 6

*Voices for Choices v. Ill. Bell Telephone*, 339 F.3d 542 (7th. Cir. 2003)…..……..7, 10

*Yip v. Pagano*, 606 F. Supp. 1566 (D.N.J. 1985)……………….…………………2

**Rules**

Federal Rules of Appellate Procedure 29(a)(2)………………………………….1, 2

Federal Rules of Appellate Procedure 32...……………………………………….3

# I.   INTRODUCTION

Plaintiffs-Appellants Brooke Henderson and Jennifer Lumley (hereinafter "Plaintiffs") are employees of the School District of Springfield R-12 (the "District"). Plaintiffs disagree with the principles of equity and anti-racism and filed suit against the District, its board, and several of its employees (hereinafter "Defendants") alleging that the 2020 employment-related, anti-racism training they received was unconstitutional in violation of their First Amendment rights. The district court granted Defendants' motion for summary judgment due to Plaintiffs' lack of standing as they suffered no adverse employment action. App. JA5306; R. Doc. 88. Further, recognizing that Plaintiffs dragged Defendants into a political dispute, rather than seeking a remedy for a genuine harm, in conjunction with its finding that extensive discovery revealed an obvious lack of injury-in-fact, the district court awarded Defendants their prevailing party attorney's fees and costs. App. JA5510; R. Doc. 107. Plaintiffs appealed. American First Legal Foundation ("AFL") seeks leave to file an amicus brief in support of Plaintiffs-Appellants.

# II.   APPLICABLE LAW

The United States or a state may file an amicus brief without consent or leave of court, but all other amicus curiae may file a brief only by leave of court or if all parties have consented. FED.R.APP.P. 29(a)(2). Defendants do not consent to the

1

request by AFL.[1] Thus, "[w]hether to permit a non-party [such as AFL] to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace." *National Organization for Women v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000) (*citing* FED.R.APP.P. 29(a); *United States v. Michigan*, 940 F.2d 143 (6th Cir. 1991); and *Strasser v. Doorley*, 432 F.2d 567 (1st Cir. 1970)). This Court has discretion to allow the filing of amicus briefs when such filings are "justified by the circumstances." *Northern Securities Co. v. United States*, 191 U.S. 555, 556 (1903). However, leave to file briefs as amicus curiae may be denied where it does not appear that the applicant is interested in any other case which will be affected by the decision and where the parties are represented by competent counsel, whose consent has not been secured. *Id.* In addition, one wishing to submit an amicus brief must show that its participation is useful or desirable to the court and that it will aid the court in determining relevant legal issues. *Yip v. Pagano*, 606 F. Supp. 1566 (D.N.J. 1985), *aff'd*, 782 F.2d 1033 (3rd Cir. 1986), *cert. denied*, 476 U.S. 1141 (1986).

In its brief, AFL repeatedly fails to apply applicable precedent. It also relies only on the allegations set forth in Plaintiffs' Complaint in support of its position rather than the facts at hand before the district court. It accuses the district court of

---

[1] The first amicus curiae that sought consent to file a brief for Plaintiffs was Americans for Prosperity Foundation ("APF") (*see* Doc. No. 5281338, pp. 1-2). Out of courtesy, Defendants consented to APF's request. But APF took advantage of Defendants' consent, and added five special interest groups as amici curiae for which Defendants did not consent.

Appellate Case: 23-1880　　　Page: 5　　　Date Filed: 06/01/2023 Entry ID: 5282939

punishing Plaintiffs, and their counsel, under the guise of an impartial party. It has not shown that its participation would be "helpful" or useful. *See Muldrow v. City of St. Louis, Mo.*, 30 F.4th 680, 692 n. 6 (8th Cir. 2022). AFL is merely a special interest group with no connection to this appeal. *See Sierra Club, Inc. v. E.P.A.*, 358 F.3d 516, 518 (7th Cir. 2004) ("Courts value submissions not to see how the interest groups line up, but to learn about facts and legal perspectives that the litigants have not adequately developed."). Allowing its amicus brief would constitute an unwarranted opportunity for Plaintiffs to extend their arguments beyond the limitations placed on them by the rules of this Court. *See* FED.R.APP.P. 32. AFL's motion for leave to file an amicus brief should be denied.

### III.   ARGUMENT

**A.   AFL's brief is not helpful to this Court's determination.**

Importantly, an amicus who fails to rely on applicable precedent should not be welcomed. AFL claims that the district court could not award attorney's fees as it lacked subject matter jurisdiction, and cites *Keene Corp. v. Cass*, 908 F.2d 293 (8th Cir. 1990). In *Keene*, the plaintiff brought a civil rights action seeking to enjoin enforcement of a state court order. This Court confirmed the district court's dismissal for lack of subject matter jurisdiction as it possessed no jurisdiction under § 1983 as to that order. Conversely, here, the district court had § 1983 jurisdiction and it, at the summary judgment stage, granted judgment for Defendants due to

3

Plaintiffs' lack of standing. Overwhelming precedent,[2] wholly ignored by AFL, confirms that Defendants were, and are, the prevailing parties under the fee-shifting statute at issue, § 1988. Based on the applicable law, it was well within the district court's jurisdiction to enter the attorney's fees award. Hence, AFL makes an apples to oranges comparison that is not remotely helpful to this Court.

AFL's proposed brief is also not based on accurate facts. Rather, it relies solely on the allegations in Plaintiffs' Complaint. *See* AFL's proposed brief; Entry ID 5279158, at 8. Such reliance leaves its brief devoid of any analysis of the facts which were before the district court when it rendered its ruling determining that Plaintiffs lacked standing. Such facts include, among others, that Plaintiffs made it clear that they objected to the equity and anti-racism concepts as presented by the District during training, and the fact that no action was ever taken against Plaintiffs, or threatened against Plaintiffs. App. JA5312-5313; R. Doc. 88, at 7-8. Most notably, Plaintiffs are still employed by the District. Not surprisingly, a fact AFL never mentions. An amicus who relies on a plaintiff's allegations is no different than one

---

[2] *See, e.g., Garmong v. County of Lyon*, 807 Fed. Appx. 636 (9th Cir. 2020) (rejecting argument that district court could not award defendant fees after dismissing complaint due to plaintiff's failure to establish Article III standing); and *Raniere v. Microsoft Corp.*, 887 F.3d 1298 (Fed. Cir. 2018) (concluding district court's dismissal with prejudice of case for lack of standing is tantamount to a judgment on the merits); *also see CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419 (2016) ("Congress must have intended that a defendant could recover fees expended in frivolous, unreasonable, or groundless litigation when the case is resolved in the defendant's favor, whether on the merits or not.").

who argues facts, and should rarely be welcomed. *See Strasser*, *supra*, 432 F.2d at 569. And this is particularly true given AFL solely uses Plaintiffs' allegations to claim[3] that there is no record evidence to support a finding that Plaintiffs' action was frivolous, unreasonable, or without foundation under *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978).

Quite simply, there is no support for AFL's view that the district court wrongly imposed attorney's fees, that amounted to sanctions, against Plaintiffs, nor is there any support for its view that the fee award will chill the willingness of future plaintiffs who seek to vindicate their rights. Such confirms why "courts frown[] on participation which simply allows the amicus to litigate its own views." *American Satellite Co. v. United States*, 22 Cl. Ct. 547, 549 (1991) (*citing New England Patriots v. Univ. of Colorado*, 592 F.2d 1196, 1198 n. 3 (1st Cir. 1979)). This is because the Court is "not helped by an amicus curiae's expression of a 'strongly held view' about the weight of the evidence…[The Court is helped] by being pointed to considerations germane to [its] decision of the appeal that the parties…have not brought to [the Court's] attention." *Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062, 1064 (7th Cir. 1997) (citation omitted).

---

[3] For example, it argues that "[e]ven if ultimately deficient, the factual allegations in the complaint *as it stands* should be more than sufficient to meet the 'frivolous, unreasonable, or without foundation' test." *See* AFL's proposed brief; Entry ID 5279158, at 9 (emphasis in original).

In sum, AFL brings nothing germane. It ignores well-settled precedent that a plaintiff, who brings a frivolous § 1983 lawsuit, may well be required to pay a defendant's attorney's fees. And this is particularly true in cases where plaintiffs aggressively pursue their case at the summary judgment stage, even after the facts confirm the frivolity of their claims due to lack of injury. AFL's choice to ignore that fact, along with the lack of any undesirable consequences towards Plaintiffs arising from their expression of their views against anti-racism during the training, makes its brief not useful or remotely helpful.

### B. AFL is not an amicus curiae.

The partisan aspect of AFL's brief alone provides sufficient basis for its rejection. "The orthodox view of amicus curiae was, and is, that of an *impartial* friend of the court—*not an adversary party in interest in the litigation*." *Michigan*, *supra*, 940 F.2d at 165 (citation omitted) (emphasis in original). "[P]articipation…to brief…as a friend of the court was, and continues to be, a privilege within 'the sound discretion of the courts'." *Id.* (citations omitted). Here, and although AFL appears to recognize that Plaintiff's "allegations were insufficient to establish standing," it asserts that its appearance is necessary as the district court's fee award "punished [Plaintiffs] and *their counsel* for objecting to the shibboleths embedded in the government's 'anti-racist' training." See AFL's proposed brief; Entry ID 5279158, at 11 (emphasis added). But, claiming Plaintiffs and their counsel were punished,

6

offers nothing to this Court and only serves to impermissibly inject, without a complete understanding of the underlying facts, interest-group politics into the federal appellate process. *Nat'l Org. for Women*, *supra*, 223 F.3d at 617 (amicus briefs are typically "sponsored or encouraged by one or more of the parties in the cases…[and] may be intended to circumvent the page limitations on the parties' briefs, to the prejudice of any party who does not have an amicus ally").

Given that AFL is a partisan, an ally, and an advocate for Plaintiffs and their counsel, its motion to appear must be closely scrutinized. AFL's appearance serves no purpose other than to lobby this Court in Plaintiffs' favor. The fact that "organizations [such as AFL] support or oppose an appeal is a datum that is irrelevant to judicial decision making." *Voices for Choices v. Ill. Bell Telephone Co.*, 339 F.3d 542, 545 (7th. Cir. 2003). The "power of constituents and interest groups" such as AFL are improper in this judicial forum and should not be allowed. *Id.*

### C. AFL's brief will not facilitate the Court's consideration of the issues on appeal.

Leave to file an amicus brief should only be granted if the brief assists the Court by presenting ideas, arguments, theories, insights, facts, or data that are not found in the parties' briefs. *Voices for Choices*, *supra*, 339 F.3d at 545. This criterion is more likely satisfied if the party on whose behalf the brief is filed is not adequately or competently represented, the amicus has a direct interest in another case that may be materially affected by the appellate decision, or the amicus has a "unique

7

perspective or specific information" that can assist the court beyond what the parties can provide. *Id.* (*citing Nat'l Org. for Women*, *supra*, 223 F.3d at 616-17; *Ryan*, *supra*, 125 F.3d at 1063; and *Georgia v. Ashcroft*, 195 F.Supp.2d 25, 32 (D.D.C. 2002)). Otherwise, leave to file an amicus brief should be denied by the Court. *See*, *e.g.*, *Northern Securities*, *supra*, 191 U.S. at 556; *American College of Obstetricians & Gynecologists v. Thornburgh*, 699 F.2d 644 (3d Cir. 1983); *Rucker v. Great Scott Supermarkets*, 528 F.2d 393 (6th Cir. 1976); *Strasser*, *supra*, 432 F.2d at 569; and *Fluor Corp. v. United States*, 35 Fed. Cl. 284 (1996).

### 1. The Parties are adequately represented.

Plaintiffs are adequately represented by Southeastern Legal Foundation. Amicus curiae are to be admitted to assist the Court in cases in which the parties' counsel is inadequate or incompetent. *See*, *e.g.*, *In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (denying amicus curiae's request as there was no evidence, *inter alia*, appellees were poorly represented). There is not, nor can there be, any valid contention that Plaintiffs' counsel is not "competent" for purposes of presenting issues and arguments and representing Plaintiffs' interests in this appeal. *See*, *e.g.*, *Erwin v. C.I.R.*, T.C. Memo. 1986-474 (U.S. Tax Ct. 1986) (denying leave where there was no "credible argument…that the briefs to be filed by the parties…w[ould] not fully and completely address all aspects" of the case).

### 2. AFL has shown no interest in another case that may be affected by this appeal.

AFL has not shown that it has a direct interest in another case that may be materially affected by this Court's decision. Nor has AFL shown that it has any interest or understanding of the workings, operations, or administration of a large urban public school district or the premises behind employment-related training, particularly in the context of addressing discrimination. Accordingly, it has no interest, other than an improper political interest, that may be affected by this appeal.

### 3. AFL does not have unique information or a unique perspective.

AFL's brief offers no unique or specialized information. Thus, contrary to the role of an amicus curiae, AFL interjects inapposite cases into this litigation, misapplies case holdings in the context of this case, and emphasizes its own "strongly held view about the weight of evidence." *See* Section III.A, *supra*. As in the case of *Ryan*, its adversarial brief masked as an "amici" filing, should be rejected. *Ryan*, *supra*, 125 F.3d at 1064. Its brief, which disregards Plaintiffs' lack of standing and which relies on Plaintiffs' allegations rather than the facts at hand, will not aid the Court. "In an era of heavy judicial caseloads…and expense of litigation…judges should be assiduous to bar the gates to amicus curiae briefs that fail to present convincing reasons why the parties' briefs do not give…all the help…needed for deciding the appeal." *Ryan*, *supra*, 125 F.3d at 1064. AFL's adversarial brief does

not contain the type of unique or specialized knowledge required of an amicus. Rather, allowing its proposed brief will serve only to multiply Plaintiffs' briefs, unfairly increase their page limitation, and impose an undue burden on the Court and Defendants. *See*, *e.g.*, *Nat'l Org for Women*, *supra*, 223 F.3d at 617 (amicus briefs can be a "real burden on the court systems", imposing a "burden of study and the preparation of a possible response on the parties"); and *Voices for Choices*, *supra*, 339 F.3d at 545 (denying leave to amicus curiae as briefs contained few additional citations not found in parties' briefs and slightly more analysis on some points).

## IV. <u>CONCLUSION</u>

WHEREFORE, Defendants-Appellees respectfully request that American First Legal Foundation's motion for leave to file an amicus brief in support of Plaintiffs-Appellants be denied, that the Court award Defendants-Appellees their attorney's fees and costs incurred, and for such other relief as the Court deems just.

Respectfully submitted,

ELLIS ELLIS HAMMONS & JOHNSON, P.C.

By:   */s/ Ransom A Ellis*
     Ransom A Ellis, III, Mo. Bar 29129
     Tina G. Fowler, Mo. Bar 48522
     2808 S. Ingram Mill Road, Suite A104
     Springfield, MO  65804
     *Attorneys for Defendants-Appellees*

**Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements**

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

    __X__ this document contains 3,194 words, **or**

    _____ this brief uses a monospaced typeface and contains [state the number of] lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

    __X__ this document has been prepared in a proportionally spaced typeface using Word for Windows in 14-point font and Times New Roman type style, **or**

    _____ this document has been prepared in a monospaced typeface using [state name and version of word-processing program] with [state number of characters per inch and name of type style].

(s) *Tina G. Fowler*

Attorney for  Defendants-Appellees

Dated:  June 1, 2023

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 1st day of June, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and a copy was made available to all electronic filing participants.

                                     */s/ Tina G. Fowler*
                                      Attorney of Record