CASE NOS. 23-1374 & 23-1880

# IN THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

BROOKE HENDERSON, ET AL,
       *Plaintiffs-Appellants*,

v.

SCHOOL DISTRICT OF SPRINGFIELD R-12, ET AL.,
       *Defendants-Appellees.*

―――――――――

Appeal from the United States District Court for the Western District of Missouri
District Court Case No.: 6:21-cv-03219-MDH

―――――――――

## REPLY IN SUPPORT OF MOTION OF CATO INSTITUTE FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS-APPELLANTS

―――――――――

Thomas A. Berry
 *Counsel of Record*
Nicholas DeBenedetto
CATO INSTITUTE
1000 Mass. Ave., N.W.
Washington, DC 20001
(202) 789-5202
tberry@cato.org

June 6, 2023

A motion for leave to file an *amicus* brief should be granted if the movant shows an adequate "interest," the proposed brief "is desirable," and "the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3); *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 131 (3d Cir. 2002). The Cato Institute's brief meets all three of these criteria.

First, Cato has an adequate interest in the outcome of this case. Promoting and defending individual liberty is a core pillar of Cato's mission. Cato recognizes that the freedom of speech is one of the most important aspects of individual liberty and integral to a free society, which is why Cato has filed *amicus* briefs defending free speech in courts across the country. Cato has supported the free-speech rights of people and groups of all political persuasions, both popular and unpopular, because Cato recognizes that an infringement of anyone's freedom of speech is a threat to everyone's freedom of speech. *See, e.g.*, Brief of the Cato Institute as *Amicus Curiae* in Support of Respondent, *United States v. Hansen*, No. 22-179 (U.S. Sup. Ct. filed Feb. 24, 2023) (arguing that the federal ban on "encouraging" violations of immigration law infringes the First Amendment); Brief of the Cato Institute as *Amicus Curiae* in Support of Plaintiff-Appellant/Cross-Appellee, *Ostrewich v. Scott*, No. 21-20577 (5th Cir. filed Feb. 15, 2022) (arguing that Texas's ban on wearing "political" apparel in a polling place violates the First Amendment); Brief of *Amici Curiae* American Civil Liberties Union, American Civil Liberties Union of Florida,

1

and Cato Institute in Support of Appellant and Reversal, *United States v. Baker*, No. 21-13749 (11th Cir. filed Jan. 25, 2022) (arguing that Facebook posts encouraging the defense of the Florida Capitol from a hypothetical right-wing mob were protected by the First Amendment and could not be the basis of a criminal conviction).

Cato has also recognized that public schools and universities are places where it is particularly important that First Amendment rights be respected by school administrators. That is why Cato has filed many briefs defending the rights of freedom of speech specifically in the school and university context. *See, e.g.*, Brief of *Amici Curiae* Liberty Justice Center, Cato Institute, and American Council of Trustees and Alumni in Support of Plaintiff-Appellant and Reversal, *Speech First v. Sands*, No. 21-2061 (4th Cir. May 31, 2023) (arguing that a public university's "bias response team" chilled student speech in violation of the First Amendment); Brief *Amici Curiae* of Pacific Legal Foundation, The Cato Institute, and P.J. O'Rourke in Support of Respondents, *Mahanoy Area Sch. Dist. v. B. L.*, 141 S. Ct. 2038 (2021) (No. 20-255) (arguing that the First Amendment did not permit a public school to punish a student for off-campus speech that did not occur during a school-sponsored event); Brief *Amici Curiae* of Foundation for Individual Rights in Education, Cato Institute, and Professor Eugene Volokh in Support of Plaintiff-Appellant, *Hunt v. Bd. of Regents of the Univ. of N.M.*, No. 18-2149 (10th Cir. Nov. 14, 2019) (arguing that the First Amendment did not permit a public university to punish a student for

2

off-campus speech solely because it was deemed "inflammatory").

The School District argues that Cato does not have an adequate interest because "Cato has not shown that it has a direct interest in another case that may be materially affected by this Court's decision." Defendants' Opp. 10. But the meaning of "interest" is not so narrow as to include only monetary interests and the like. Public policy foundations, legal scholars, and other groups and individuals routinely file *amicus* briefs out of an interest in the sound and correct development of the law. Cato's history of consistently supporting the First Amendment rights of people and groups across the political spectrum demonstrates that it has a good-faith interest in the outcome of this case.[1]

Second, Cato's brief is desirable. "Even when a party is very well represented, an amicus may provide important assistance to the court." *Neonatology*, 293 F.3d at 132. Cato wholeheartedly agrees with the School District that "Plaintiffs are adequately represented by Southeastern Legal Foundation," but that does not mean that an *amicus* brief cannot provide additional assistance to the Court. Defendants'

---

[1] The School District suggests that Cato has only filed in this case because Cato happens to oppose the particular messages in the trainings at issue. *See* Defendants' Opp. 6 (suggesting Cato "only wants to insert its own political views or agenda"). That is incorrect; Cato opposes compelled speech regardless of the viewpoint that is compelled, and none of Cato's arguments in its brief depend on support or opposition to the particular viewpoints in the trainings at issue. What matters to this case is that the *Plaintiffs* did not agree with those views. It is irrelevant whether Cato, this Court, or anyone else agrees or disagrees with those views.

3

Opp. 9. Cato's brief expands at greater length than the Plaintiffs' brief on two key points.

For the first of these two key points, Cato's brief focuses on the district court's conclusion that the Plaintiffs were not harmed. Cato's brief explains why the reasoning the district court used to reach this conclusion was incompatible with foundational Supreme Court compelled-speech precedents. Cato's brief argues that under the district court's erroneous reasoning, the plaintiffs in those foundational cases would not have been able to show that they were harmed either.[2]

For the second of these two key points, Cato's brief focuses on the likely effects of the attorney fee award that was granted by the district court in this case. Cato has experience supporting cases brought by public-interest litigators, and several of Cato's constitutional scholars are themselves former public-interest litigators. Thus, Cato has useful expertise and experience that can aid the Court in understanding the practical chilling effects on other public-interest litigators and plaintiffs that would likely result if the attorney fee award in this case is upheld.[3]

---

[2] The School District oddly dismisses this argument as without value because it supposedly "insults the district court's reasoning." Defendant's Opp. 4. Cato frequently files *amicus* briefs in appellate courts urging reversal of district courts, and it always does so with respect for the lower court. It is not "insulting" to argue that the lower court's reasoning was erroneous; such arguments are simply inherent to appellate litigation.

[3] The School District accuses Cato of merely "touting" and "advocating for Plaintiffs' lawyers and the Southeastern Legal Foundation." Defendants' Opp. 6 (underlining in original). This misses the point of Cato's argument, which is not to

4

Finally, the matters asserted in Cato's brief are relevant to the disposition of this case. Whether the district court's opinion conflicts with the reasoning of foundational Supreme Court precedents is relevant to whether the district court's First Amendment holding should be reversed. And whether the attorney fee award in this case would chill future good-faith litigation is relevant to whether that award should be upheld or vacated.

---

flatter the Plaintiffs' counsel, but rather to note the significant evidence that this litigation was brought in good faith and that it is well within the norms of professional practice by public-interest litigators. In other words, the point is that if such an award is upheld in this case, other mainstream public-interest litigators will find it more likely that their future cases might be subject to similar punishment, harmfully chilling protected First Amendment activity.

Appellate Case: 23-1880   Page: 6   Date Filed: 06/06/2023 Entry ID: 5284066

## CONCLUSION

Because the "decision whether to grant leave to file must be made at a relatively early stage of the appeal . . . it is preferable to err on the side of granting leave. . . . [I]f a good brief is rejected, the merits panel will be deprived of a resource that might have been of assistance." *Neonatology*, 293 F.3d at 132–133. The merits panel in this case should have an opportunity to consider the arguments that Cato has made in its brief and determine for itself whether they are convincing.

For the foregoing reasons, the Cato Institute's motion for leave to file should be granted.

Dated: June 6, 2023

Respectfully submitted,

/s/ *Thomas A. Berry*
Thomas A. Berry
   *Counsel of Record*
Nicholas DeBenedetto
CATO INSTITUTE
1000 Mass. Ave., N.W.
Washington, DC 20001
(202) 789-5202
tberry@cato.org

# CERTIFICATE OF COMPLIANCE

Counsel certifies under FRAP 32(g) that the foregoing motion meets the formatting and type-volume requirements set under FRAP 27(d) and FRAP 32(a). The motion is printed in 14-point, proportionately-spaced typeface utilizing Microsoft Word and contains 1,338 words, including headings, footnotes, and quotations, and excluding all items identified under FRAP 32(f).

/s/ *Thomas A. Berry*

Dated: June 6, 2023

*Counsel for Amicus Curiae*
*Cato Institute*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court, who will enter it into the CM/ECF system, which will send a notification of such filing to the appropriate counsel.

/s/ *Thomas A. Berry*

Dated: June 6, 2023

*Counsel for Amicus Curiae*
*Cato Institute*

Appellate Case: 23-1880   Page: 8   Date Filed: 06/06/2023 Entry ID: 5284066